## ROSENTHAL v. PARSONT.

(Supreme Court, Appellate Term. May 15, 1908.)

BILLS AND NOTES—"HOLDER IN DUE COURSE."

Defendant gave a check to a person by mistake. The check was delivered to plaintiff as a loan without consideration. *Held*, that plaintiff was not a holder of the check in due course; Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, subd. 3, providing that to constitute one a "holder in due course" he must have taken the instrument in good faith and for value.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3320.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Meyer Rosenthal against Samuel Parsont. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Harry Bernstein, for appellant.
Meyer Levy, for respondent.

GREENBAUM, J. Plaintiff sues as holder in due course of a check for $23 made and delivered by defendant to one Grossman and by him indorsed in blank. Defendant alleged and proved that the check was given to Grossman by mistake. He also alleged that plaintiff before the delivery to him of the check had knowledge of its infirmity and that it was delivered to him without consideration. Plaintiff testified that the check was paid to him for an antecedent debt due him from Grossman. Defendant produced a witness, who was asked what he knew about this check getting to Rosenthal (plaintiff), to which the witness replied that he had a conversation with plaintiff at his store, during which plaintiff said to him:

"See, I asked Grossman for a favor, for a loan, and he gave me two checks. One is paid and the other is not paid."

It is true that the witness did not specifically describe the checks which plaintiff mentioned to him, nor was he specifically interrogated as to the identity of those checks. A reading of the record would justify the inference, however, that the parties at the trial deemed that he had reference to the check in suit, particularly so as plaintiff admitted upon cross-examination that he had returned the check to Grossman. Plaintiff did not attempt to contradict the testimony of

defendant's witness. It thus appeared that plaintiff had admitted that he received the check from Grossman as a loan, and not for an antecedent debt, and that when its payment was stopped he gave it back to the payee, Grossman. To constitute the plaintiff a holder in due course, he must have taken the check in good faith and for value. Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, subd. 3. Plaintiff gave no detailed facts as to the alleged consideration for the delivery of the check to him, and his failure to deny the conversation to which defendant's witness testified would seem to warrant the reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.