## UNITED STATES FIDELITY & GUARANTY CO. v. ALEXANDER et al.

No. 1179.    Opinion Filed November 14, 1911.

(120 Pac. 632.)

1. **JUSTICES OF THE PEACE—Pleading—Bill of Particulars—Demurrer.** While the same degree of particularity in pleadings is not required in actions before a justice of the peace that is required in other courts, yet when miscellaneous papers, intended to be used as a bill of particulars, completely fail to state a cause of action, or to show, directly or indirectly, a liability in favor of plaintiff and against defendant, it is error to overrule a demurrer thereto, and compel the parties to go to trial on such pleadings.

2. **SAME—Pleading—Bill of Particulars.** While informalities may be excused in justices' courts, yet a substantial compliance with the requirements of the statute is always necessary.

3. **SAME—Appeal—Pleading.** On appeal from a justice's court to the county court the same rule of pleading and procedure obtains; yet this rule does not attempt to change or alter the requirements of the statute "that the bill of particulars must state in a plain and concise manner the facts constituting the cause of action or claim to be set off."

4. **APPEAL AND ERROR — Review — Insufficiency of Evidence.** Where there is entire lack of evidence to sustain any material issue on a general finding by a court trying the case without a jury, such finding and the judgment entered thereunder should be set aside, and a new trial granted.

(Syllabus by Robertson, C.)

*Error from Carter County Court; I. R. Mason, Judge.*

Action by Albert Alexander and others against the United States Fidelity & Guaranty Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

This action was commenced in the justice court of Carter county September 12, 1908, by Albert Alexander and F. W. Fisher, as guardian of Tom, Cleveland, Rena, Ida, and Rand Thurman Alexander, minors, against the United States Fidelity & Guaranty Company of Baltimore, Md., to recover the sum of

$138.20 and interest, alleged to be due them on account of money collected by J. R. Hutchins as receiver in the case of F. R. Stidham v. John Alexander *et al.*, and for costs. It appears from the record that prior to the commencement of this action there was pending in the district court of Carter county a suit between F. R. Stidham and John Alexander and others, involving the possession of certain real estate; that it became necessary in the progress of said action to appoint a receiver to collect the rents from said lands, in order that the rightful parties might be protected in their interests; that J. R. Hutchins was named by the court as such receiver, and qualified as such and entered upon the discharge of the duties of said office; that thereafter he filed his report in said court as such receiver, to which said report exceptions were filed by Hon. Hosea Townsend as attorney for said minor freedmen, and the court named Hugh A. Ledbetter, Esq., as referee, to take testimony on the exceptions, with instructions to report his findings of fact and conclusions of law to the court, which he did on May 22, 1908, and which report was approved by the court the next day, at which time an order was made by the court directing said referee to pay to said Townsend as attorney for said minors the sum of $136.24, and interest. This action is against the surety company only, and presumably in its capacity as surety on the bond of Hutchins as receiver, although nowhere in the record is there any allegation of the fact that the suit is brought against it as such surety; this idea being gathered from the briefs of the parties on file in this case. The bill of particulars in the justice court, which was used again without amendment in the county court, where the case went on appeal from the justice of the peace, consists of a statement of account against the surety company, together with a copy of the report of the referee and a copy of the order of the district court, directing the receiver to pay the sum of money alleged to be due these plaintiffs. This was the only pleading in either court filed by the plaintiffs. Defendant interposed a general demurrer to the same, which was overruled by the county court, and exceptions taken. After the demurrer had been overruled

and exceptions saved, the surety company filed its answer, and specifically denied that it was indebted to plaintiffs in the sum sued for, or for any other sum whatever, and also objected to the introduction of any testimony under the complaint, for that the said complaint does not state a cause of action against defendant. Trial was had, and judgment for the plaintiff was entered in the sum of $142.14 and interest. Defendant appeals.

*Bledsoe & Little,* for plaintiff in error.

*Coleman & Rogers,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The demurrer should have been sustained. The pleadings did not state facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiffs.

The entire statement upon which this action is based, outside the copy of the referee's report and the order of the court directing payment by the receiver, is as follows:

"The United States Fidelity and Guaranty Co., of Baltimore, Maryland, Dr. To Albert Alexander and F. W. Fisher, as Guardian of Tom, Cleveland, Rena, Ida and Rand Thurman Alexander, in the sum of $136.24. Money collected by J. R. Hutchins, as Receiver in the case of F. R. Stidham v. John Alexander *et al.,* and for costs." (Record, p. 1.)

The receiver's bond, if any there was, is not set up as an exhibit to the bill of particulars, nor does it appear anywhere in the pleading what the relationship between Hutchins and the surety company was. We suppose the defendant company was surety for Hutchins, but the pleadings do not say so, nor are the terms of the supposed relationship anywhere set out. The only place the defendant's name appears in the pleading is in the statement of account, hereinabove referred to. It is a fundamental rule of pleading that the account, note, or other paper used as a bill of particulars in a justice court should show on its face a liability from the defendant to the plaintiff. Here it is alleged that the surety company is indebted to plaintiff for money collected by J. R. Hutchins as receiver in a certain action. It is

not alleged that the surety company was Hutchins' surety, nor is there any contract of suretyship set up as an exhibit, or referred to in any place in the pleadings, nor do the pleadings show any relationship, at any place, existing between the defendant and Hutchins, or between the defendant and these plaintiffs, and no liability of any kind or character is shown to exist against the surety company in favor of these plaintiffs at any place in the pleadings upon which this case was tried in the county court.

When the cause came on for trial, the defendant, still objecting to the sufficiency of the purported bill of particulars, objected to the introduction of any testimony thereunder, which objection was, by the county court, overruled, and to which ruling the surety company excepted. We are of opinion that the paper purporting to be a bill of particulars was wholly insufficient even in the justice court, and that there was no compliance whatever with section 6336, Comp. Laws 1909, which requires: "A bill of particulars must state in a plain and direct manner the facts constituting the cause of action or the claim to be set off." In this connection, we do not desire to be understood as attempting to change in any manner the rule announced and followed by this court that the same degree of particularity in pleadings is not required in actions before a justice of the peace that is required in courts of record. With this rule we heartily concur, and think as Judge Brewer well said in *Lobenstein v. McGraw,* 11 Kan. 645, that:

"It is not to be expected that a bill of particulars will be drawn with the same fullness and precision as a petition. Much of the business in justice courts is done by the parties themselves, and not through the instrumentality of attorneys. It is well that this is so, for thus a convenient, expeditious, and cheap method of settling minor disputes and collecting small accounts is furnished to all."

But we do insist that a substantial compliance with the requirements of the statute in such matters, without regard to form, must be had. In the case at bar, arising at Ardmore, one of the largest cities in the state, able counsel appeared on both sides. The surety company, as it had a right to do, challenged the suffi-

ciency of the bill of particulars by a demurrer, and thus raised an issue of law, which was decided against it in both the justice and county courts, and, as has been intimated above, the bill of particulars was fatally defective, in that it nowhere stated any facts that showed a liability on the part of the defendant in favor of the plaintiffs, and wholly fails to state a cause of action against the defendant and in favor of the plaintiffs, and consequently the courts below erred in overruling the said demurrer.

After the demurrer in the county court had been overruled and exceptions taken by the surety company, the cause proceeded to trial. The only evidence introduced was certified copies of the report of the referee, and the order of the court approving the same, together with what purported to be a copy of a receiver's bond, filed in a wholly different case then pending in the district court of Carter county.

The surety company objected to the introduction of all these on the ground that they were incompetent, irrelevant, and immaterial, and did not tend to sustain in any manner the allegations of the bill of particulars, and did not show any liability on the part of defendant in favor of plaintiffs. The bond in question was given in the case of F. R. Stidham v. John Alexander et al., in cause No. 5,990, pending in the district court of Carter county, and was made "for the benefit of all persons interested in the above styled cause," and it appears of record that plaintiffs herein were not parties to, or interested in, said action, nor was there any evidence tending to show that there had been a breach of the conditions of said bond, or that showed, directly or indirectly, a liability in favor of plaintiffs and against the surety company. It has been held by this court that in a case where there is an entire lack of evidence to sustain any material issue on a general finding by a court, trying a case without a jury, such findings and the judgment entered thereunder should be set aside, and a new trial granted. See *Howard v. Farrar,* 28 Okla. 490, 114 Pac. 695.

Thus it appears that the evidence, admitting the bill of particulars to have been good, was wholly insufficient to sustain

a judgment against the defendant and in favor of the plaintiff, and, when we consider the fact that the bill of particulars in this case failed wholly to state a cause of action, and, further, that the testimony was entirely insufficient to sustain a judgment even on a good pleading, we do not hesitate to say that the judgment of the county court of Carter county in overruling the demurrer to the bill of particulars, and the motion objecting to the introduction of testimony thereunder, and also the demurrer to plaintiff's evidence, was wrong, and the judgment entered in said cause should therefore be reversed, and the cause remanded, with instructions to sustain the demurrer to the bill of particulars, and for such other proceedings as the parties hereto may elect to take.

By the Court: It is so ordered.

All the Justices concur.