---

(162 App. Div. 21)

### PETERSON v. ALTON et al.   (No. 5676.)

(Supreme Court, Appellate Division, First Department.   May 1, 1914.)

1. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASER—BURDEN OF PROOF.
    Where defendant's indorser, who received a note to be discounted for the maker, attempted to procure the proceeds for himself, there was a fraudulent diversion, and defendant has, under the direct provisions of Negotiable Instruments Law (Consol. Laws, c. 38) § 98, the burden of showing that he was a bona fide holder for value.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

2. BILLS AND NOTES (§ 525*)—ACTIONS—EVIDENCE—SUFFICIENCY.
    In a suit to procure the cancellation of a note held by defendant, evidence *held* insufficient to show that defendant was a purchaser for value or that he had taken it as collateral security for pre-existing debt.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. § 525.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. STATUTES (§ 281*)—FOREIGN LAW—PLEADING—NECESSITY.

In a suit to cancel a note executed in a foreign state, defendant is not entitled to introduce the laws of that state, unless they have been pleaded.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. § 281.*]

4. STATUTES (§ 281*)—EVIDENCE.

In a suit to cancel a note executed in a foreign state, evidence of the law of the foreign state regarding the taking of negotiable instruments as collateral security for pre-existing debts is properly excluded, where it was not even claimed that defendant so took the instrument in question.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. § 281.*]

Appeal from Special Term, New York County.

Action by Anton Peterson against Henry Alton impleaded with others. From a judgment for defendant on his counterclaim, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Otto C. Sommerich, of New York City, for appellant.

Francis S. Williams, of New York City, for respondent.

McLAUGHLIN, J. This action is brought to procure the cancellation of a promissory note made by the appellant and held by the respondent. The latter, in his answer, set up a general denial of the material allegations of the complaint and also, as a counterclaim, asked judgment against the plaintiff for the amount of the note. After trial at Special Term the court granted judgment on the counterclaim and dismissed the complaint upon the merits. The plaintiff appeals.

There is little dispute of fact between the parties as to the origin and subsequent use of the note. It was for $2,167.50, made by the appellant, payable to his own order four months after date, at the First National Bank of Chicago. He indorsed it in blank and delivered it to the defendant Fowler for the purpose of having it discounted and the proceeds turned over to him. Fowler delivered it, at Chicago, to the defendant Phillips for a similar purpose. Phillips indorsed it in blank and mailed it to the respondent Alton, who was in New York. The evidence is uncontradicted, and the court found as a fact that the plaintiff delivered the note to Fowler and the latter delivered it to Phillips solely for the purpose of having it discounted and the proceeds turned over to the plaintiff. Phillips promised, when he received the note, to have it discounted for plaintiff's benefit and to pay the proceeds to him. Instead of doing so, Phillips delivered the note to Alton for the purpose of having it discounted and the proceeds remitted to him, either for his own interest or the joint interest of himself and Alton. Alton did not discount the note and remit the proceeds to Phillips, but held it, and the plaintiff has never received any consideration whatever for it.

[1, 2] The court found that Alton was a holder in due course and for value, and therefore the defense of want of consideration was not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

available as against him. I think this finding is against the evidence. When all of it is considered, it shows, as it seems to me, that Alton never paid any value for the note, and when he received it he did so with notice that it was to be discounted and the proceeds remitted to Phillips. The note, when delivered to Phillips, was for the purpose of having it discounted and the proceeds remitted to the plaintiff. Phillips asked that Alton discount it and remit the proceeds to him. This was a fraudulent diversion, and the burden of proof, therefore, rested upon Alton to show that he was a bona fide holder for value. Nickerson v. Ruger, 76 N. Y. 279; American Ex. Nat. Bk. v. New York Belting Co., 148 N. Y. 698, 43 N. E. 168; Mitchell v. Baldwin, 88 App. Div. 265, 84 N. Y. Supp, 1043; Negotiable Instr. Law (Consol. Laws, c. 38) § 98.

Alton testified that a few months prior to the receipt of the note he entered into an oral agreement with Phillips to transfer to him an interest in a prospective railroad in Michigan.; that Phillips promised, in consideration of such interest, to repay Alton all money which the latter had expended, or might thereafter expend, in connection with the construction of such road; that prior to the receipt of the note he had expended $1,495, and thereafter about $1,100 more, and the court found that he accepted the note in part payment for the interest in the railroad which he had agreed to transfer to Phillips.

This finding, I think, is also against the evidence, because it is clear from the correspondence between Phillips and Alton, and from the latter's own testimony, that the note was not received in payment of anything, but solely for the purpose of having the same discounted and remitting the proceeds to Phillips, either for his own or their joint interest. In the letter which Phillips sent to Alton with the note, he said:

"It is time to be up and doing, so use this at once and let me have proceeds."

And, in a telegram preceding the mailing of the letter, Phillips said:

"Note sent special delivery Twentieth Century. Get it and act promptly. Our interests demand it."

A few days after Alton received the note, Phillips wrote him saying:

"What I sent is good. Keep at it until something is done. If not for one hundred per cent., get seventy-five, and if not that, then sixty, or even fifty per cent."

The note was not delivered to Alton as collateral security for the payment of a pre-existing debt, and this seems to be conceded in the respondent's brief; if not, it well might be because there is no evidence to that effect. It was, as before said, delivered for the purpose of having it discounted and remitting the proceeds to Phillips. This was recognized by Alton not only at the time it was delivered to him, but some time thereafter, because he contemplated, before the note matured, returning it to Phillips and so wrote him. But Alton's tes-

timony clearly establishes that the note was not taken in payment of or as collateral security for Phillips' indebtedness.   He testified, on cross-examination, as follows:

"Q. Now, how much did you say that Mr. Phillips owes you at the present time?   A. At the present time I should say that Mr. Phillips owed me, at the present time, about $2,500.   Q. $2,500?   A. $2,400 or $2,500;  I wouldn't say exactly how much.   Q. Made up of the $1,400 which you have testified to before the note was received?   A. Yes.   Q. And $1,000 paid after the note was received?   A. Yes.   *   *   *   Q. I say you paid all those sums whether it was before or after;  that is right, isn't it?   A. Yes."

Alton knew that the note was not delivered to him as collateral security for the payment of Phillips' indebtedness or as security for money which might thereafter be advanced to Phillips, and no advances were made on the strength of it.

I am unable to reach any other conclusion than that Alton gave no consideration for the note, and is not therefore a holder in due course.

[3, 4] The court admitted, over plaintiff's objection, proof of the statutes of Illinois to the effect that a negotiable instrument shall be deemed to have been taken for a valuable consideration if it is taken as collateral security for a pre-existing debt.   The note, as indicated, was made and delivered in Illinois and was there payable, and respondent contends that the maker's liability should be determined in accordance with the law of that state.   However that may be, the Illinois statute was not pleaded, and it should not have been received in evidence.   Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490.   But even if the statute be considered, the conclusion reached must be the same because the note was not taken as collateral security for the payment of a debt and respondent's counsel does not so claim.

The judgment appealed from therefore is reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.