FIRST NATIONAL BANK v. WARSAW DRUG COMPANY.

(Filed 30 May, 1914.)

1. **Bills and Notes—Fraud and Deceit—Innocent Purchaser—Trials —Burden of Proof.**

Where it is proved or admitted that a negotiable note sued on has been obtained from the maker by fraud, or deceit, the transferee, the plaintiff in the action, must show by the preponderance of the evidence that he was a *bona fide* purchaser or derived his title from such purchaser, and it is insufficient that he acquired the note for value, before maturity.

2. **Same—Impeaching Evidence.**

The burden of proof being on the plaintiff, in his action to recover on a negotiable note, to show that he was a *bona fide* purchaser for value, where it is shown that the note was procured from the maker by fraud or deceit, it is not required that the defendant negatively prove that the plaintiff was not such purchaser, and the plaintiff's testimony is subject to attack and to be discredited on cross-examination.

APPEAL by plaintiff from *O. H. Allen, J.,* at November Term, 1913, of DUPLIN.

This is a civil action tried upon these issues:

1. Is the plaintiff a corporation, as alleged in the complaint? Answer: Yes (by consent).

2. Was the note sued on procured by fraud and deceit of the Equitable Manufacturing Company? Answer: Yes.

3. Is the plaintiff the *bona fide* holder of said note in due course? Answer: No.

4. Is the defendant indebted to the plaintiff, and if so, what amount? Answer: Nothing.

From the judgment rendered, the plaintiff appealed.

*H. D. Williams for plaintiff.*
*Stevens & Beasley for defendant.*

BROWN, J. The principles of law presented on this appeal have been so frequently adjudicated that a further discussion of them would seem to be useless.

Where the maker of a negotiable paper establishes that it has been obtained from him by fraud or deceit, a subsequent transferee must, before he is entitled to recover thereon, show that he is the *bona fide* purchaser, or that he derived his title from such a purchaser. It is not sufficient to show simply that he purchased before maturity and paid value, but he must show that he had no knowledge or notice of the fraud. *Bank v. Fountain,* 148 N. C., 590; *Bank v. Branson,* 165 N. C., 344.

The defendant in his answer alleges fraud in obtaining the note sued on, and false and fraudulent misrepresentation in regard to the quality of the articles of jewelry and other things for which the note was given. There is abundant evidence in the record to justify the finding of the jury upon that issue.

We also think that there is sufficient evidence in the record to show that the plaintiff is not a *bona fide* holder of the note in due course. The burden of proof rests upon the plaintiff after fraud is established to show that the plaintiff was such *bona fide* purchaser, and not upon the defendant to negative that position. *Bank v. Exum,* 163 N. C., 199; *Myers v. Petty,* 153 N. C., 462; *Bank v. Fountain, supra; Trust Co. v. Ellen,* 163 N. C., 45.

The burden of proof being thus placed upon the plaintiff to show that it was a *bona fide* holder in due course, the credibility of the testimony of Krouth, assistant cashier, upon whose evidence the plaintiff relies, was necessarily subject to attack before the jury and also to be discredited upon cross-examination.

There are some circumstances which have cropped out in the testimony from which the jury might well infer that the plaintiff was not the *bona fide* owner of the note sued on, but had

taken it for collection for the benefit of the payee, the Equitable Manufacturing Company. These circumstances and indicia of fraud it is useless to recount.

Upon a review of the whole record, we are of opinion that the judge below tried it in accordance with the well settled decisions of this Court.

No error.