### ZWERDLING v. KITROSSER.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. BILLS AND NOTES (§ 497*)—BONA FIDE HOLDER—FRAUDULENT DIVERSION —PRESUMPTIONS—EVIDENCE.

Where defendant gave evidence that as between himself as maker of the note sued on and the payee there had been a fraudulent diversion of the notes, such evidence overcame the presumption that plaintiff, indorsee, was a bona fide holder for value, as provided by Negotiable Instruments Law (Consol. Laws, c. 38) §§ 91, 94, 98.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

2. BILLS AND NOTES (§ 537*)—ACTION BY INDORSEE—BONA FIDE HOLDER— QUESTION FOR JURY.

In an action on certain notes, where the evidence that plaintiff was a bona fide holder for value was unsatisfactory, it was error to direct a verdict for plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862– 1893; Dec. Dig. § 537.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Zwerdling against Hyman Kitrosser. From a Municipal Court judgment in favor of plaintiff on a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Goldstein & Goldstein, of New York City (Abraham Lipton, of New York City, of counsel), for appellant.

Reuben Dorfman, of New York City, for respondent.

BIJUR, J. [1] Plaintiff sued upon promissory notes. Defendant gave evidence to the effect that as between himself as maker and the payee there had been a fraudulent diversion of the notes. This overcame the presumption that plaintiff, the indorsee, was a bona fide holder for value. See Negotiable Instruments Law, §§ 91, 94, 98.

[2] The evidence thereupon adduced by plaintiff, to the effect that he had bought the notes in good faith for value and without notice of the infirmity, was, to say the least, quite unsatisfactory, and very plainly presented an issue to be determined by the jury. In this respect the case differs manifestly from Eisenberg v. Lefkowitz, 142 App. Div.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

569, 127 N. Y. Supp. 595, where the direction of a verdict in favor of plaintiff was sustained.

The judgment must be reversed, and new trial granted, with costs to appellant to abide the event. All concur.