## GOURLEY v. PIONEER LOAN CO.

No. 5373.    Opinion Filed Septebmer 28, 1915.

(151 Pac. 1072.)

**BILLS AND NOTES—Holder in Due Course—Burden of Proof.** Where the maker of a note establishes that the note has been diverted or negotiated in violation of an agreement under which it was given, the burden is on the holder to prove that he, or some one under whom he claims, acquired title to the note as a holder in due course, and without notice of any infirmity; and, unless he proves this to the satisfaction of the court or jury, he is not entitled to recover against the maker.

(Syllabus by Brett, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Pioneer Loan Company against Austin R. Gourley and another. Judgment for plaintiff, and defendant named brings error. Reversed and remanded.

*S. A. Horton,* for plaintiff in error.

*Wilson & Tomerlin* and *E. E. Buckholtz,* for defendant in error.

Opinion by BRETT, C. This action was commenced in a justice court of Oklahoma City by the defendant in error against plaintiff in error and one C. D. Fritz. The parties will be referred to as they appeared in the lower courts; that is, defendant in error will be referred to as plaintiff, and plaintiff in error as defendant.

The plaintiff, the Pioneer Loan Company, brought this suit against A. R. Gourley and C. D. Fritz to recover·on a note, dated April 9, 1912, for $61, and attached to its petition a copy of the note, which showed·it was made to C. D. Fritz by A. R. Gourley, and was indorsed in blank by Fritz. The answer of the defendant Gourley pleaded a failure of consideration, and denied that the plaintiff was the owner of the note.

Neither the plaintiff nor defendant had counsel in the justice court, and the pleadings of both are very meager and defective, but the liberal rule of pleading in the justice court, perhaps, allowed the parties to present the issues they had attempted to plead. An appeal was taken from the judgment in the justice court to the county court of Oklahoma county. A trial was had in that court, which resulted in a judgment for the plaintiff, and from that judgment the defendant Gourley appeals.

The plaintiff's evidence, among other things, showed that one P. M. Mowry borrowed $35.50 from the plaintiff for Fritz, and executed his own note to the plaintiff for that amount, and put up as collateral security the note sued on, which, as stated, was made by the defendant Gourley to Fritz, and by Fritz indorsed in blank; Mowry having previously told the plaintiff that he had a note payable to Fritz that he would have Fritz indorse, and that he would put it up as security.

At the close of the plaintiff's evidence the defendant Gourley offered to show that the note was placed in the hands of Fritz, the indorser, to be indorsed by him to other parties in a real estate deal, which was never consummated, and that Fritz had no title to the note, and that Gourley was not indebted to him. The plaintiff objected to this offer, and the objection was sustained, to which defendant excepted, and this ruling of the trial court, among other things, is assigned as error; and we think this assignment is well taken.

The controlling statute under the offer in this case is section 4109, Rev. Laws 1910, and is as follows:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

This statute has never been construed by this court. Plaintiff (defendant in error) cites a number of Oklahoma cases, among which is *Citizens' Saving Bank of Columbus, Ohio, v. Landis et al.*, 37 Okla. 530, 132 Pac. 1101, which states that:

"Few legal propositions are better settled than the rule that a purchaser before maturity, for a valuable consideration, and without notice of any infirmities, takes a negotiable instrument free from all equities and defenses between the original parties."

And this is the substance and extent of the holding in all the cases cited in its brief. That is undoubtedly a correct statement of the rule upon that question, but is not the point involved in the case at bar. The question here is whether or not the defendant had a right to show that the title of Fritz, the person who "negotiated the instrument, was defective." The statute plainly states that:

"When it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title in due course."

And the last provision of this statute is meaningless, and of no effect whatever, unless it is permissible to show such defects of title where they exist. We think a careful reading of this statute clearly shows that it contemplates that this character of evidence is admissible; otherwise no benefit could ever flow from the last provision of the statute. To refuse the admission of this evidence was to deny the remedy contemplated by the statute; and we think the defendant was clearly entitled to make a showing along the line of his tender.

New York has this identical statute; and in *German-American Bank of Rochester v. Cunningham,* 97 App. Div. 244, 89 N. Y. Supp. 836, in a well-considered opinion, the court, in defining what constitutes a defective title, says:

"It is well settled that, if a note has been diverted or negotiated in violation of an agreement under which it was given, such negotiation constitutes a breach of faith,

amounts to a fraud upon the maker, and when that fact appears the holder cannot recover upon it against the maker without showing that he received it in the ordinary course of trade for a valuable consideration and without knowledge of such agreement."

This brings the tendered evidence in the case at bar squarely within the contemplation of the statute; and in closing the opinion above quoted from, the court further says:

"If upon a new trial it shall appear the notes were not diverted, as testified to by the payee, or that the plaintiff is, in fact, a holder in due course of the same, such counterclaims will not be available as against the plaintiff. If, upon the other hand, it shall appear the plaintiff is not a holder in due course, then any defense or counterclaim will be available to the defendant precisely as if the action had been brought against him by his wife."

And in *Zwerdling v. Kiltrosser* (Sup.), 148 N. Y. Supp. 99, the court says:

"Plaintiff sued upon promissory notes. Defendant gave evidence to the effect that as between himself as maker and the payee there had been a fraudulent diversion of the notes. This overcame the presumption that plaintiff, the indorsee, was a *bona fide* holder for value. * · * * The evidence thereupon adduced by plaintiff to the effect that he had bought the notes in good faith for value and without notice of the infirmity was, to say the least, quite unsatisfactory, and very plainly presented an issue to be determined by the jury."

And in *Peterson v. Alton*, 162 App. Div. 21, 147 N. Y. Supp. 280, a case very much in point, in which Anton Peterson brought a suit against Henry Alton *et al.* to cancel a note made by Peterson, and negotiated by other parties to Alton, the syllabus is in part:

"Where defendant's indorser, who received a note to be discounted for the maker, attempted to procure the proceeds for himself, there was a fraudulent diversion, and defendant has, under the direct provisions of Negotiable Instruments Law, * * * the burden of showing that he was a *bona fide* holder for value."

In *First National Bank v. Warsaw Drug Co.,* 166 N. C. 99, reported in 81 S. E. 993, the syllabus is that:

"Where the maker of a negotiable note establishes that it was obtained from him by fraud, a subsequent transferee, before he can recover thereon, must show that he is a *bona fide* purchaser, or that he derived his title from such a purchaser, and it is not sufficient to show simply that he purchased before maturity for value, but he must show that he had no knowledge of the fraud, and it is not incumbent upon defendant to negative good faith." *Ireland et al. v. Shore,* 91 Kan. 326, 137 Pac. 926; *American Exchange Bank v. New York Belting & Packing Co.,* 148 N. Y. 698, 43 N. E. 168.

No other construction can give effect to this statute; and the defendant should have been permitted to introduce the tendered evidence, which if produced would have shifted the burden and required plaintiff to prove that it or some person under whom it claimed acquired title as a holder in due course and without notice of any infirmity.

There are other assignments which are not pertinent to the issues raised by the pleadings, and we deem it unnecessary to discuss them.

We think the judgment should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.