# RANSON v. CAPRON HARDWARE CO.

No. 6414.   Opinion Filed March 7, 1916.

(155 Pac. 1166.)

1.  **JUSTICES OF THE PEACE—Attachment—Affidavit—Amendment—Pleading.**   Pleadings in a justice court, where the parties frequently appear without counsel, are more liberally construed in favor of the pleader than in courts of record.   And where an affidavit of attachment imperfectly states a statutory ground for attachment, but is sufficient to indicate upon which one of the statutory grounds plaintiff seeks to rely, it is not error to permit such affidavit to be amended.

2.  **SAME—Appeal and Error—Finding of Fact.**   Where the ground for attachment set out in the affidavit is denied by the defendant, this raises an issue of fact as to whether or not the alleged ground did exist.   And if there is evidence to support the finding of the court on this issue of fact, it will not be disturbed.

3.  **COSTS—Taxation—Judgment.**   In an action for the recovery of money only, unless the court renders judgment for the plaintiff for some amount, it is error to give judgment against the defendant for the costs of the action.

4.  **SAME—Settlement—Tender.**   Where there is evidence that at the time an action was commenced the defendant was indebted to the plaintiff in a sum less than that sued for, and a few days later defendant threw the amount admitted to be due upon the plaintiff's desk and walked out, the court should find whether this was accepted by the plaintiff as a settlement or was a mere tender by the defendant of the amount admitted to be due; for, if it was accepted by the plaintiff as a settlement, then the plaintiff would be liable for all the costs of the action, even those accruing before the settlement, in the absence of a stipulation or agreement to the contrary.   But if it was found to be only a tender and not accepted as a settlement, and was the amount actually due, then the defendant would be liable only for the costs accruing prior to the tender.

(Syllabus by Brett, C.)

*Error from District Court, Alfalfa County;*
*James B. Cullison, Judge.*

Action by the Capron Hardware Company against W. J. Ranson. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*A. J. Titus* and *A. R. Carpenter,* for plaintiff in error.

*Webster Wilder,* for defendant in error.

Opinion by BRETT, C. This case presents a unique situation. The defendant in error, which will be referred to as "plaintiff," sued the plaintiff in error, who will be referred to as "defendant," in a justice of the peace court for $40.75, alleged to be due for goods sold and delivered to the defendant by the plaintiff. At the same time, the plaintiff filed an attachment affidavit, and certain property of the defendant was seized under an attachment order issued by the justice of the peace. On the return day the defendant appeared and filed a motion to dissolve the attachment on the ground that the attachment affidavit was so defective that it was void, and also denied the ground for attachment. The court sustained this motion, and dissolved the attachment. The defendant then, proceeding under section 4855, Rev. Laws 1910, asked for actual and punitive damages and attorney's fee, on account of plaintiff having wrongfully sued out the attachment. The plaintiff took a continuance as to the main cause of action, and within ten days appealed to the district court from the order dissolving the attachment. On the date to which the main cause of action was continued, the plaintiff failed to appear, and the defendant took a default judgment against plaintiff for costs. The plaintiff then appealed to the district court from this judgment. When the cause came up for hearing in the district court, on application of plaintiff, the court permitted its affidavit for attachment to be amended, heard evidence on the issue

as to whether or not the ground for attachment existed, and overruled the motion of defendant to dissolve the attachment. The cause was tried to the court upon its merits without a jury, and the court rendered judgment for the plaintiff for the costs only, but did not find that defendant was indebted to the plaintiff in any sum, and did not award judgment to the plaintiff for any portion of the claim sued upon. The material part of this judgment is the following:

"* * * The court, being fully advised in the premises, overruled said motion of defendant to dissolve said attachment, and, upon the merits of the case, the court found for the plaintiff in the sum of $46.12, the costs in said action. It is therefore considered, ordered, and adjudged by the court that said motion to dissolve said attachment be, and the same is hereby, overruled, and the plaintiff shall have and recover of and from the defendant the sum of $46.12, the costs in the above-entitled cause of action.".

The defendant duly excepted to all the actions of the court, and brings the case to this court by petition in error and case-made.

There are a number of assignments of error; but, as we view the case, there are only two matters that need to be considered: First, was it error under the conditions for the court to permit an amendment of the affidavit for attachment; and, second, was the court authorized to award judgment against the defendant in this action for the costs only?

As to the first, we think the court properly allowed the amendment. The original affidavit is the following:

"Joseph T. Fash being duly sworn on oath says: I am manager of the Capron Hardware Company, the plain-

tiff in the above-entitled cause. That said action is brought
to recover the sum of $40.75 with interest thereon at the
rate of 6 per cent. per annum from September 17, 1913, on
account of merchandise sold. That said sum is just, due,
and wholly unpaid. That I believe that the defendant is
preparing to remove his property out of the state."

The affidavit was amended to read as follows:

"Joseph T. Fash being duly sworn on oath says:   I
am manager of the Capron Hardware Company, the plain-
tiff in the above-entitled cause. That said action is brought
to recover the sum of $40.75, with interest thereon at the
rate of 6 per cent. per annum from September 17, 1913,
on account of merchandise sold to the defendant. That
said sum is just, due, and wholly unpaid. That the de-
fendant was on the 17th day of September, 1913, prepar-
ing to remove his property out of the State of Oklahoma,
with the intention to defraud his creditors."

It is true the original affidavit was a very imperfect
effort to plead a ground for attachment, but it is sufficient
to indicate upon which one of the statutory grounds the
plaintiff sought to rely. Had this cause originated in the
district court, the plaintiff would be held to a stricter ac-
count for its pleadings; but it originated in a justice court,
where litigants often appear without counsel, just as plain-
tiff did in this case; and this court has repeatedly held
that it will construe pleadings originating in the justice
court liberally in favor of the pleader. *Gourley v. Pio-
neer Loan Co.*, 51 Okla. 434, 151 Pac. 1072; *Guaranty Co.
v. Alexander*, 30 Okla. 224, 120 Pac. 632; *Twine v. Kil-
gore*, 3 Okla. 640, 39 Pac. 388.

And under the defendant's denial that this ground for
attachment existed, there was an issue of fact for the
court to pass upon in disposing of the motion to dissolve
the attachment. And the burden was upon the plaintiff

to sustain the allegation in the affidavit that this ground for attachment did exist; and, if it did not sustain this burden, then the attachment should have been dissolved. And if the court had found the attachment was wrongfully sued out, he should have then considered and passed upon the question of damages for the wrongful suing out of the attachment. But the court found that there was ground for suing out the attachment, and denied the motion to dissolve, which disposed of the question of the claim for damages for wrongfully suing out the attachment. And since this was an issue of fact, and there is evidence reasonably tending to sustain this finding, under the well-settled rule, this court will not disturb the finding.

As to the second question—whether the court was authorized to award judgment in this action against defendant for costs only—we unhesitatingly say, under the limitations of our statute in such actions, the court was not. Section 5229, Rev. Laws 1910, reads as follows:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

Section 5230 says:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor, in the actions mentioned in the last section."

Section 5231 states that:

"In other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

But this was an action for the recovery of money only, and section 5229 and section 5230 control, while section 5231 has no application whatever to an action of this kind. And the court in this action was bound, if he found no part of the claim sued upon was just and due, to render judgment for the defendant for the costs of the action. But instead of doing this, a judgment for the costs was awarded to the plaintiff, and against the defendant, whom the court necessarily found owed no part of the claim he was sued upon.

But there is evidence to the effect that the defendant did, at the time the action was commenced, owe the plaintiff $2, and a few days thereafter went into plaintiff's place of business, and threw $2 down upon the manager's desk to settle this, and walked out. The court does not state, however, whether he found that this was accepted by the plaintiff as a settlement, or offered only by the defendant as a tender of the amount due. If he found it was accepted as a settlement, of course the plaintiff would be liable for all the costs, even those accruing before the settlement was made, in the absence of a stipulation or agreement to the contrary. But if he found it was a tender, and was the whole of the amount justly due plaintiff, then the defendant could only be held liable for the costs accruing prior to the time this tender was made. But the judgment is against the defendant for all the costs. So, from any viewpoint, we think, the judgment is erroneous. In the absence of a finding of the court, under the record, we think the $2 should be treated as a tender of the amount due.

We therefore recommend that that part of the judgment which finds against the defendant for all the costs

be vacated, and the trial court be directed to enter judgment for the costs accruing from the date of filing the suit until the date of the tender against the defendant, and judgment for all subsequent costs in the trial court against the plaintiff; and that the costs of this appeal be equally divided.

By the Court: It is so ordered.