### PETERSON v. ALTON et al.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

APPEAL AND ERROR ⬦⇒1099—SUBSEQUENT APPEAL—LAW OF CASE.

    A former decision in an action on a note, reversing and remanding a judgment for defendant on a counterclaim and ordering a new trial, was the law of the case on a subsequent appeal, where, notwithstanding slight changes in the testimony, it was in legal effect the same as on the former trial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379;   Dec. Dig. ⬦⇒1099.]

Appeal from Special Term, New York County.

Action by Anton Peterson against Henry Alton, impleaded with others. From a judgment entered upon a decision after trial, plaintiff appeals. Reversed, and judgment entered for plaintiff.

See, also, 162 App. Div. 21, 147 N. Y. Supp. 280.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Otto C. Sommerich, of New York City, for appellant.
W. H. K. Davey, of New York City, for respondents.

McLAUGHLIN, J.   This action was brought to procure the cancellation of a promissory note made by the plaintiff and held by the defendant Alton. The latter in his answer denied the material allegations of the complaint, and set up as a counterclaim the amount due upon the note, with interest, for which he asked judgment.

There have been two trials. The first resulted in a dismissal of the complaint upon the merits, and awarded a judgment on the counterclaim for the amount demanded. On appeal the judgment was reversed and a new trial ordered. 162 App. Div. 21, 147 N. Y. Supp. 280. At the second trial the same result was reached and the plaintiff again appeals.

I think this judgment should be reversed. The record is substantially the same as it was on the former appeal, except that the plaintiff, as interested parties sometimes do, changed his testimony in some respects to meet, so far as he could, the criticism placed thereon in the opinion delivered on the former appeal. But, notwithstanding such changes, at the conclusion of the trial the evidence was, in legal effect, the same as on the former trial.

It would serve no useful purpose to set out the facts, since they were fully stated in the previous opinion. It is sufficient to say that the evidence clearly shows the plaintiff never received any consideration for the note; that it was delivered by him to Fowler, or Phillips, or both of them, for the sole purpose of having it discounted and the proceeds paid to him; that Phillips delivered the note to the respondent for the sole purpose of having him discount it and remit the proceeds. The court so found at plaintiff's request, and there is an abundance of evidence to sustain the findings. It is true there are findings somewhat in conflict with these, but they are

not sustained by the evidence. Alton did not purchase the note, nor did he advance any money upon the strength of it. In fact, he did not conclude to accept the note as his own until a long time after it had been delivered to him and a demand made for its return; and then he did so only on ascertaining that Phillips had absconded.

The judgment appealed from is therefore reversed, with costs, and judgment given in favor of the plaintiff for the relief demanded in the complaint. Order to be settled on notice, at which time the findings to. be reversed and the new findings to be made will be passed upon. All concur.