JOSEPH J. SINGER, Plaintiff, *v.* UNION TABLE & SPRING CO., INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 24, 1934.

*Bloom & Scherl*, for the plaintiff.

*Louis Mendelson*, for the defendant Union Table & Spring Co., Inc.

Winter, J. This is a motion for summary judgment in an action upon a check brought by plaintiff against the defendants.

The material facts presented by the defendants in their affidavits raise a triable issue of fact on a meritorious defense. On March 10, 1928, defendant Union Table & Spring Co., Inc., gave defendant Hyman the check in suit in payment of wages due him. Thereupon Hyman indorsed and gave the check to the plaintiff in payment of a gambling debt. He then informed the maker of the check he had lost it. Payment was stopped and a new check was issued to Hyman. On March 8, 1934, a few days before the operation of the Statute of Limitations, plaintiff started this action to recover against the maker of the check and the payee.

The defendants claim that this check, although valid in its inception, was a thing in action given and executed where the whole consideration was for money won by gambling.

The plaintiff having taken this check in payment of a gambling debt was not a holder in due course. The consideration that he gave for the check was the wiping out of an unenforcible, illegal gambling debt. He parted with nothing of value. (*Peterson* v. *Fowler*, 162 App. Div. 21; *Rosenthal* v. *Parsont*, 110 N. Y. Supp. 223.)

The instant case is distinguishable from *Bernstein* v. *Fuerth* (132 Misc. 343). In that case the maker of the check was sued by the payee after the check had been gambled away and had subsequently passed into the hands of a *bona fide* holder for value, who had made a valid claim upon the check against the maker and had been paid. Mr. Justice Chilvers merely held that the check having been valid in its inception was enforcible in the hands of a *bona fide* holder for value, and that the payee could not take advantage of his own wrong to force payment twice from the defendant. That case did not involve a recovery by a lawbreaker on the thing in action taken by him in payment of a gambling debt.

The motion should be denied.