OKLAHOMA FARM BUREAU MUTUAL INS. CO. v. TYRA.

No. 35207.  Sept. 9, 1952.

247 P. 2d 969.

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, Clinton, for defendant in error.

GIBSON, J.  This is an appeal from a judgment of the district court of Custer county in a garnishment action commenced by a judgment creditor after an execution against the judgment debtor was returned with a report of no property found. This action is ancillary to a suit appealed to this court, styled Ruther v. Tyra, 207 Okla. 112, 247 P. 2d 964, this day decided.

Following the return of the execution defendant in error, hereinafter designated plaintiff, filed his garnishment affidavit alleging that the plaintiff in error, hereinafter called garnishee, had money and property in its possession and control belonging to the judgment debtor, and asked that garnishee be

directed to answer certain attached interrogatories. Garnishee later filed its answers to the interrogatories as directed by the court. Plaintiff elected to take issue with the answer of garnishee.

At the trial of the garnishment action plaintiff introduced in evidence the files and judgment roll in cause No. 34953 showing a judgment for plaintiff against Rubal Ruther for $25,056.75, and the parties stipulated that said cause had been appealed to the Supreme Court and that no supersedeas bond had been given or filed.

The trial court rendered judgment against the garnishee for $10,000, with interest at 6% from the date of judgment, and the garnishee appeals.

No complaint is made as to the validity of the garnishment proceedings.

The principal proposition urged on the appeal is that the judgment is not sustained by any competent evidence.

Garnishee says that no proof was offered that it was indebted to either Ruther or Tyra and that there was no proof that under the terms of any policy garnishee was bound to pay any judgment that Tyra might recover against Ruther, and that no attempt was made to prove that there was any policy or that there had been a compliance by Ruther, its insured, with the terms and conditions of such policy. Hence it is said that there was an entire absence of proof upon which the judgment could be predicated.

Plaintiff cites United States Fidelity & Guaranty Co. v. Alexander, 30 Okla. 224, 120 P. 632; McKoy v. Keel, 161 Okla. 258, 18 P. 2d 277; Garber v. Hauser, 76 Okla. 292, 185 P. 436, and other cases wherein we have held that where there is an entire lack or absence of evidence to support a judgment by a trial court, without a jury, the judgment will be set aside. The rule is sound. It is correctly stated in American National Bank etc. v. Funk, 68 Okla. 169, 172 P. 1078, as follows:

"Where there is any evidence reasonably tending to support the findings of the trial court, they should not be disturbed by the Supreme Court; but where, after a careful examination of all the evidence in the case, it is found that there is not any competent evidence to sustain the findings, the cause will be reversed."

It remains for us to search the record and ascertain if there is evidence reasonably tending to support the judgment. The affidavit for garnishment sets forth that plaintiff had obtained the judgment above described and that execution had been returned unsatisfied, and that at the time of the collision of cars of the named parties the garnishee had a policy of insurance covering the automobile driven by Ruther by the terms of which the garnishee became liable to pay the damage up to the stipulated amount, and that such liability had not been paid. Attached to the affidavit and served on the garnishee were four interrogatories, two of which with the answers of garnishee were as follows:

"What is the amount of liability of the Oklahoma Barm Bureau Mutual Insurance Company of Oklahoma, for personal injury provided in their policy covering the Rubal Ruther car, at the time of the collision with Albert LeRoy Tyra, which was on March 3, 1950:

"The limits of liability for bodily injury as provided in said policy were $10,000 for one person and $20,000 for one accident."

"Why has the amount of the liability of the Oklahoma Farm Bureau Mutual Insurance Company of Oklahoma, under said policy, not been paid:

"The violation by the insured Rubal Ruther of the conditions of the policy requiring him to fully and frankly disclose to the insurer all the facts of the accident known to him relieves and discharges the insurance company from any liability to the judgment creditor of Rubal Ruther, and for the further reason that an appeal from the judgment to the Supreme Court of Oklahoma has been perfected and said

judgment at this time is not a final judgment within the meaning of the policy."

These answers were sworn to by the president of the garnishee.

Under these answers and the reasonable inferences therefrom garnishee admitted the execution of a public liability policy covering the Ruther car at the time of the collision, creating liability to Ruther for the recited judgment up to the limit of its liability, and further admitted that the limit of liability of garnishee under said policy was $10,000 for one bodily injury, such as was involved in this litigation. With such sworn admissions garnishee cannot say that there was no proof that a policy had been issued or that there was no proof that garnishee was indebted to either Ruther or Tyra or that garnishee was obligated to pay the judgment under the terms of the policy. With such admissions garnishee pleaded that its insured Ruther had violated the conditions of the policy and that it was therefore relieved of any liability to the judgment creditor of Ruther. This was an affirmative defense, and the garnishee had the burden of proof of such affirmative defense. Mercury Insurance Co. v. Miles, 190 Okla. 607, 126 P. 2d 74.

Garnishee offered no evidence in support of its stated defense.

Shaffer et ux. v. Hebenstreit (Manufacturers Casualty Ins. Co., Garnishee), 119 Pa. Super. 159, 180 Atl. 725, was a case with issues similar to the instant case. The Superior Court of Pennsylvania held:

"Garnishee insurer's answer, to interrogatories introduced by plaintiff, that garnishee denied liability under policy on ground of insured's violations of policy provisions, did not sustain garnishee's burden of proof in establishing policy violations."

In the Shaffer case the court held that plaintiff made out a prima facie case on the admissions and the burden of proof was then cast upon garnishee to prove the matter of defense alleged in its answers to the interrogatories and that in resting upon the allegations of its answers it did not sustain its burden of proof. That is precisely the situation in the instant case.

Garnishee says that the judgment in garnishment is dependent upon validity of the judgment in the main case, and that, even if the judgment be supported by the evidence, it must be reversed if this court should reverse the main case. It is sufficient answer to this proposition to observe that we have this day affirmed the judgment in the main case, in an amount in excess of the liability of garnishee in this action.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.