The STANDARD INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Edna L. HODGE, Defendant in Error.

No. 36942.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Truman B. Rucker, Bryan W. Tabor, Gurney G. Cox and Margaret McCollough, Tulsa, for plaintiff in error.

Elton B. Hunt, W. L. Eagleton, James R. Eagleton and Jack I. Gaither, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This appeal involves a judgment in garnishment in favor of defendant in error, Edna L. Hodge, hereinafter referred to as

plaintiff, and against plaintiff in error, Standard Insurance Company, hereinafter referred to as garnishee. This action is ancillary to a suit for personal injuries arising out of a collision involving a truck owned by the City of Tulsa and under the control of Charles H. Clark, a city employee, in which a judgment was awarded plaintiff in the amount of $25,000, which judgment was appealed to this court without the filing of a supersedeas bond by either defendant.

Since no supersedeas bond was filed by defendant Clark, plaintiff procured the issuance of an execution against him, which was returned with a report of no property found. Plaintiff thereupon filed her garnishment affidavit alleging that garnishee had in its possession, moneys belonging to Clark or an insurance policy which covered him. At the trial of the garnishment action the parties stipulated to the following facts; that on September 27, 1954, plaintiff recovered a judgment against the defendants City of Tulsa and Charles H. Clark in the amount of $25,000, which judgment has been appealed to the Supreme Court of the State of Oklahoma, but no supersedeas bond has been made or filed in connection therewith; that said judgment was based upon a cause of action arising January 9, 1953, from a collision with a certain 1952 International dump truck owned by the City of Tulsa; that on January 9, 1953, there was in full force and effect, a public liability insurance policy issued by garnishee, the Standard Insurance Company, covering said dump truck; that the City of Tulsa was the named insured upon said insurance policy; that defendant Clark was operating said truck at the time of the collision with the express consent and permission of said named insured; that under the terms and provisions of said insurance policy Charles H. Clark was an additional insured; that under said policy the amount which garnishee is required to pay for injuries to any one person arising from any one accident is $5,000.

The trial court ordered the garnishee to pay $5,000 to the clerk of said court and that such funds be held in the custody of said clerk pending a determination by the court as to what disposition thereof should be made, from which order garnishee appeals.

■ As its first proposition of error, garnishee contends that the trial court erred in holding the garnishee was indebted to the defendant in the sum of $5,000, while the finality of the judgment upon which the garnishment was based is still contingent upon happening of a future event. Garnishee admits its obligation to pay $5,-000 of any judgment absolutely owing by defendant Clark to the plaintiff, but argues that the obligation to pay is contingent upon this court affirming the judgment of the trial court and cites 28 C.J. 138, Garnishment, § 175; 38 C.J.S., Garnishment, § 91, p. 296 and 4 Am.Jur. 686, Attachments and Garnishments, § 685, to the effect that a reversal of a judgment for personal injuries will defeat a garnishment on such judgment.

It is sufficient answer to this proposition to observe that the judgment in case No. 36,753, City of Tulsa v. Hodge, in an amount in excess of the liability of garnishee in this action has heretofore been affirmed and become final. That affirmance is reported in Okl., 293 P.2d at page 344. See Oklahoma Farm Bureau Mut. Ins. Co. of Oklahoma v. Tyra, 207 Okl. 116, 247 P.2d 969.

■ As its remaining proposition garnishee argues that a municipality is immune from garnishment and that the trial court erred in ordering the garnishee to pay into court the fund in which the City of Tulsa held an interest.

There has been no attempt in this action to garnishee the City of Tulsa. This action was brought against garnishee, the Standard Insurance Company, to collect an indebtedness allegedly due defendant Clark as an insured under a certain insurance policy.

Affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., dissents.