RICHARD L. HOLTON, Plaintiff-Appellee
*v.* FRANKLIN G. LAUCOMER, Defendant,
and AITS, INC., Garnishee-Appellant

No. 5211

DECEMBER 19, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by AITS, Inc., garnishee, from a circuit court order requiring it to pay to Richard Holton, plaintiff, the amount of the judgment, which Holton recovered against Franklin Laucomer, defendant. The amount of the judgment is $34,255.48, plus interest at the legal rate from May 15, 1969, the date of the judgment.

The order appealed from was entered on June 23, 1971, at the conclusion of the garnishment proceedings described below.

The garnishment proceedings were commenced by Holton moving for and obtaining the issuance and service of garnishee summons upon AITS after the entry of the judgment against Laucomer. The service of the

summons upon AITS was effected on February 19, 1970.

AITS filed its disclosure as garnishee on February 19, 1971, in the form of an affidavit by its treasurer. The delay in the filing of the disclosure is accounted for by the fact that in the meantime there was an abortive attempt by Holton to collect the judgment from Laucomer by agreement with him.

The disclosure stated that, on or about December 28, 1970, two promissory notes, dated September 28, 1967, made payable to the order of Waldo Andrews and endorsed by Andrews to Laucomer and by Laucomer to James Temple, were presented to AITS; that each of the notes was in the principal amount of $25,000, with one note maturing on January 1, 1969, and the other note maturing on January 1, 1970; that Laucomer was not a holder in due course of the notes; that on August 26, 1968, the United States government notified AITS of a levy on Laucomer's assets to secure the payment of federal taxes owing by Laucomer; that, on May 20, 1969, AITS paid $3,088 to Nat Whiton Drilling Co., Inc., in discharge of Laucomer's debt to that company; and that AITS had unliquidated claims against Andrews and Laucomer, as well as against Holton, which it was entitled to set off against the amounts owing on the notes.

Following the filing of the disclosure, Holton obtained, and had served upon AITS, an order directing AITS to appear and show cause why it should not be required to pay over to him the money in its hands belonging to Laucomer.

The hearing on the order to show cause was twice continued, once upon agreement of the parties approved by the court and once upon the order of the court at the request of AITS.

On the day finally set for the hearing, AITS appeared only by its attorney, who filed with the clerk of court another affidavit of the treasurer of AITS, but, otherwise, neither offered nor adduced any evidence; while Holton

appeared personally with his attorney, testified that Temple was Laucomer's attorney and acted in such capacity in his dealings with AITS, and submitted copies of numerous documents, some of which were denied admission as evidence and others were admitted over the objection of the attorney for AITS.

AITS seeks reversal of the order appealed from on the ground that it is error for a court to require a garnishee to pay the judgment where the disclosure contains a denial of indebtedness by the garnishee to the judgment debtor and the evidence presented by the judgment creditor is insufficient to show that the garnishee is mistaken in his denial of such indebtedness.

The ground for reversal asserted by AITS is not applicable to this case.

The disclosure of AITS showed the existence of two matured promissory notes in principal amounts sufficient to pay the judgment. It did not state in so many words that AITS was the maker of those notes. But, from other statements therein, there is no question that AITS was the maker.

According to the disclosure, the last endorsee of the notes was Temple. However, Holton's testimony showed that Temple acted as attorney for Laucomer in his dealings with AITS.

Thus, the statements in the disclosure and Holton's testimony regarding Temple's role as endorsee sufficiently established the indebtedness of AITS on the notes to Laucomer.

AITS contends that the circuit court erred in admitting copies of certain documents submitted by Holton in evidence. We need not rule on that contention. Holton submitted those copies for the purpose of showing the indebtedness of AITS on the notes to Laucomer. Those copies were not necessary for that purpose. The indebtedness of AITS to Laucomer on the notes was otherwise shown as stated above.

In essence, the contention of AITS is not that it was not indebted on the notes to Laucomer but that it had liquidated and unliquidated claims against Laucomer in amounts sufficient to offset its indebtedness on the notes.

In the affidavit of the treasurer of AITS filed at the time of the hearing on the order to show cause, it is stated that, on April 9, 1971, AITS paid $10,154.16 to the Internal Revenue Service in satisfaction of the levy on Laucomer's assets, against the notes upon the authorization of Temple; that AITS also paid $3,088 to Nat Whiton Drilling Co., Inc., for services performed and invoiced to Laucomer; and that AITS also had a damage claim against Laucomer for breach of contract unliquidated in amount but exceeding the balance owing on the notes.

In a garnishment proceeding, where the garnishee's disclosure shows the existence of an indebtedness on the part of the garnishee to the defendant but sets up an affirmative defense, the garnishee has the burden of proof to establish the defense. *General Accident Fire and Life Assurance Corp.* v. *Mitchell,* 120 Colo. 531, 211 P.2d 551 (1949) ; *Oklahoma Farm Bureau Mutual Insurance Co.* v. *Tyra,* 207 Okla. 116, 247 P.2d 969 (1959) ; *Shaffer* v. *Hebenstreit,* 119 Pa. Super. 159, 180 A. 725 (1935) . We think that the same burden applies to any setoff claim of the garnishee.

Here, AITS did not discharge that burden, although it was given every chance to do so. The hearing on the order to show cause was twice continued, but it did not come forward with any evidence, beyond having its attorney file the second affidavit of its treasurer.

That affidavit is not evidence in this case. It was not admitted by the court as such, although Holton's attorney made some reference to it at the hearing. It differs from the first affidavit in that the filing thereof was without any statutory basis. The first affidavit constituted a dis-

closure under HRS § 652-1 (c) , and was filed pursuant to that statutory provision.

As a general rule, ·affidavits are not admissible to establish the facts asserted therein. *Greene* v. *Greene,* 145 Miss. 87, 110 S. 218 (1926) ; *Henry Cowell Lime & Cement Co.* v. *State Industrial Accident Commission,* 211 Cal. 154, 294 P. 703 (1930) ; *Staley* v. *South Jersey Realty Co.,* 83 N.J. Eq. 300, 90 A. 1042 (1914).

Affirmed.

*W. Patrick O'Connor (A. William Barlow* with him on the briefs) for garnishee-appellant.

*Roy M. Kodani (Kashiwa and Kanazawa* of counsel) for plaintiff-appellee.