Hon. FRANK DALE, Chief Justice
Hon. A. G. CURTIN BIERER,
Hon. JNO. L. M'ATEE,
Hon. JOHN C. TARSNEY,  } Associate Justices.
Hon. JAMES R. KEATON,

---

### Brewer & Stannard v. T. L. Black.

1. Justice's Court—*Pleadings in.* The same degree of particularity, in pleadings, is not required in actions before a justice of the peace, that is required in other courts. It is sufficient if the bill of particulars states, in a plain and direct manner, the facts constituting the cause of action or the claim to be set off; and a pleading, that is sufficient in a justice's court, is sufficient in the district court, where the cause is tried *de novo*, upon an appeal.

2. Findings—*Sufficiency.* A general finding includes the finding of all necessary facts to constitute the claim of the party in whose behalf the judgment is rendered; and upon appeal, this court will not review the evidence upon which such finding was made to determine its sufficiency.

*Error from the District Court of Lincoln County.*

*P. P. Hillerman,* for plaintiff in error.

*L. E. Payne,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.:   This action was commenced before a justice of the peace, where the plaintiff had judgment for the sum of $58 and costs, from which judgment the defendant appealed to the district court of Lincoln county, where the cause was tried *de novo,* and judgment was rendered in favor of the plaintiff and against the defendant therein on November 14, 1894, for the sum of $90.62, and costs of suit; and, thereupon, after the filing and overruling of a motion for a new trial therein, the cause was duly appealed to this court; and the errors assigned for reversal are that the court erred in refusing to sustain a demurrer to plaintiff's bill of particulars; that the court erred in the assessment of the amount of the damages; that the decision of the court was not sustained by sufficient evidence, and that the decision of the court was contrary to law.

The action was commenced by the defendant in error to recover of plaintiff in error certain commissions claimed for selling certain nursery stock under a contract therefor between the plaintiff and the defendant; and also, for work and labor done and performed by plaintiff for defendant, at defendant's request.   The bill of particulars, filed in the cause, alleged that the defendant, Brewer & Stannard, was a co-partnership and proprietors of the Ottawa Star nursery, at Ottawa, Kansas, and doing business in the Territory of Oklahoma; that on the twenty-ninth day of May, 1893, a certain salesman's contract, bearing date of that day, which was to said bill of particulars annexed, marked "exhibit A" and made a part thereof, was made and entered into by and between

the plaintiff and defendant, by the terms of said contract the plaintiff was to act as salesman for the defendant, in the sale of nursery stock, and to devote his whole time and attention thereto, and comply with and carry out all instructions given him by said defendant for such time as it should be deemed mutually advantageous for both parties. And said contract provided that said plaintiff should sell, at prices given him by the defendant, and not deviate therefrom; that in consideration of the faithful performance of said contract, by plaintiff, the defendant agreed to pay for such service, at the rate of twenty-seven and a half per cent. commission, on all good orders sold for cash on delivery, and so delivered, twelve and a half per cent. of this commission to be advanced and become payable at any time after the orders were received and accepted by the defendant. It was also stipulated in said contract that all losses sustained by the defendant, caused by verbal contracts, made by said plaintiff for the sale of such stock, outside of written or printed orders, or in violation of instructions, should be retained by the defendant out of any amount due to the plaintiff under said contract.

The bill of particulars further alleges that there was then due and owing to the plaintiff from defendants, on said contract for commissions as aforesaid, the sum of $80, and for work and labor done and performed for said defendants, the sum of $11. To this bill of particulars the defendant demurred, and said demurrer was, by said justice of the peace, overruled. Whereupon, the defendant filed his counter claim in said action, claiming that in violation of the terms of said contract the plaintiff had sold large amounts of nursery stock at prices less than those given to him by said defendants

in the regular price-list furnished by defendants to plaintiff, and asked a recovery against the plaintiff for the amount for which said goods were sold, less than tho said price-list thereof.

Defendants' demurrer to plaintiff's bill of particulars was presented and argued to the district court, and was by said court overruled, and the parties having waived a trial by jury, the cause was submitted to and tried by said court.

We think the bill of particulars sufficiently and fully set forth a cause of action and that the demurrer was rightfully overruled. The same degree of particularity in pleadings is not requered in actions before a justice of the peace that is required in other courts. It is sufficient if the bill of particulars states in a plain and direct manner the facts constituting the cause of action or the claim to be set off. There being evidence in the record to sustain the findings of the district court that the plaintiff below was entitled to recover upon the items claimed and stated in his bill of particulars, and also evidence tending to establish the fact that if the plaintiff below, in selling and disposing of said nursery stock, violated that clause of the contract which provided that he should sell at prices given him by the defendant and not deviate therefrom, that such deviation from the terms of said contract was ratified and approved by the defendants. That after they knew that plaintiff was selling at less than the price-list, and after they had been informed by him that unless he was permitted to sell at prices less than those mentioned in said list, he could not make sales and would have to abandon the business, they continued to receive and approve orders from him and to allow and pay the advance commissions provided

for in the contract. We hold that this would constitute a ratification of the acts of the agent in departing from the terms of the contract and that the defendant would thereby be estopped from claiming any damages on account thereof.

The cause having been tried by the court and there being a general finding by the court, such finding includes a finding of all the necessary facts to constitute the claim of the party in whose behalf the judgment is rendered; and we cannot review the same or review the evidence upon which such finding was made to determine its sufficiency.

There being no error in this record, the judgment of the court below must be affirmed. It is so ordered.

Dale, C. J. having presided in the court below, not sitting; all the other Justices concurring.