JOSEPH SYMNS v. H. S. CUTTER AND W. H. WEBSTER.

**No. 605.*** (59 Pac. 671.)

1. PLEADING—*Action against Officer—Damages.* In an action against a clerk of a district court for damages by reason of his negligently failing to enter a transcript of judgment upon the judgment docket or upon the index to the appearance docket, the plaintiff must allege and prove that he sustained damages by reason of such negligence.

2. ABSTRACTER—*Liability for Errors.* The liability of an abstracter for errors in his abstract and damages, resulting therefrom in this state extends only to the person for whom the abstract is made.

Error from Jackson district court; LOUIS A. MYERS, judge. Opinion filed January 4, 1900. Affirmed.

*I. T. Price, H. C. Solomon,* and *T. A. Moxcey,* for plaintiff in error.

*James H. Lowell,* for defendants in error.

The opinion of the court was delivered by

McELROY, J.: The first question presented by the record arises upon the action of the trial court in sustaining defendants' separate demurrers to the original petition. Joseph Symns instituted this action against Cutter, clerk of the district court of Jackson county, and Webster, an abstracter of titles, for the recovery of damages. It appears that Symns, about September 18, 1895, purchased from one Challiss and wife certain real estate in Jackson county; that Challiss exhibited to Symns for inspection an abstract of the title to the lands prepared by Webster at the instance of Challiss, which failed to show the existence of a judgment

---

*Petition for order to certify denied by supreme court March 5, 1900.—REP.

against Challiss which had been certified from Atchison county to Jackson county.

Cutter failed and neglected to enter the transcript on the judgment docket. He also failed to make an entry thereof on the index to the appearance docket. It was the duty of the clerk to enter the judgment on the appearance docket and judgment docket, and to index the same. The petition does not allege, however, that plaintiff made any examination of the records, or was misled by reason of the negligence or omission of the clerk.

Titles to real estate in. this state are of record, and, hence, the doctrine of *caveat emptor* is applicable. In the absence of any special agreement, the purchaser must look for himself to the records for the validity of the title to lands he would purchase.

In the American and English Encyclopedia of Law, (2d ed.,) volume 1, page 221, it is said :

"The general doctrine is that the liability extends only to the person for whom the abstract is made ; but there are well-considered cases holding that where a person makes an abstract for one party to a transaction, which he knows will be used, and which in fact is used, to influence the action of the other party thereto, he is liable to such other party."

The supreme court, in *Mallory v. Ferguson*, 50 Kan. 685, 32 Pac. 410, 22 L. R. A. 99, upon this question, said :

"We think the great weight of authority is to the effect that the party making the examination and certificate is liable only to his employer, and never to a stranger or third party. (*Investment Co. v. Hughes*, 20 Fed. 39.) In the case of *Houseman v. G. M. B. & L. Ass'n*, 81 Pa. St. 262, Mr. Justice Sharswood, in delivering the opinion of the court, says : 'It was decided by the present chief justice at *nisi prius*, in the

case of *Commonwealth v. Kellogg*, 6 Phila. Rep. 30, that this liability is to the party who asks and pays for the search, and does not extend to his assignee or alienee.' The decision in the case of *P. B. & L. Ass'n v. Houseman*, 89 Pa. St. 261, seems to be somewhat in conflict with the doctrine as stated by Justice Sharswood in the case above cited. We think that the rule as stated is sustained both by the weight of reason and authority, that there must be privity of contract to create liability." (See, also, *Bank v. Ward*, 100 U. S. 105, 25 L. Ed. 621.)

There is no allegation in the petition that Webster knew this abstract was to be used by Symns, or for the purpose of influencing him to act in the premises. The petition did not state a cause of action against the defendants. The demurrers were properly sustained.

The only other question arises from the court's refusing to permit the plaintiff to file an amended petition. The demurrers were sustained on the 26th day of March, 1897, and the plaintiff was granted twenty days from that date in which to file an amended petition. No further action was taken by plaintiff for more than eight months thereafter, with one term of court intervening, when he desired permission to file an amended petition. Under these facts, it appears that the court did not abuse its discretion in refusing to permit plaintiff to file his amended petition.

The motion for a new trial was properly overruled. The judgment must be affirmed.