## RICE *et al.* v. FOLSOM.

No. 1409. Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 236.)

1. **NEW TRIAL—Amendment of Motion.** A motion for a new trial may be amended after the three days allowed by statute for filing the same by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendment, filed after the statutory time has passed, cannot set up new and independent grounds therefor.

2. **JUSTICES OF THE PEACE—Appeal—Technical Errors.** Very liberal rules of construction should be applied to pleadings in a justice of the peace court; and technical objections will not be allowed to reverse a judgment, where it is apparent from an examination of the entire record that the party complaining has been deprived of no substantial right, and that the ends of justice have been met in the case.

(Syllabus by Brewer, C.)

*Error from Jefferson County Court;*
*G. M. Bond, Judge.*

Action by W. S. Folsom, guardian, against B. A. Rice and others. Judgment for plaintiff before a justice and on appeal to the county court, and defendants bring error. Affirmed.

*H. A. Ledbetter,* for plaintiffs in error.

*D. F. Spradling,* for defendant in error.

Opinion by Brewer, C. This case presents error from the county court of Jefferson county. It is a suit instituted in a justice court by defendant in error, as plaintiff below, to recover, from B. A. and Charles Rice, rents for the use and occupation of certain lands belonging to Edgar R. Folsom, minor.

J. S. Mullen, on his own application, intervened in the suit in justice court, wherein judgment was rendered for plaintiff below. On appeal to the county court, plaintiff below, on a trial

by jury, was awarded verdict, upon which judgment was entered. Motion for new trial was overruled, and the cause is here for review.

The plaintiffs in error assign specifically and urge one error, that "the court erred in overruling motion and amended motion for new trial."

The original motion for new trial set up as grounds therefor, in effect, the ground that the attorney for plaintiffs in error was under a misapprehension as to the date of the trial, and being very busy in the court of an adjoining county, and believing the case set for the day following that upon which it was tried, he procured another attorney to look after the case, and when the other attorney arrived at the place of the trial the cause had already been tried and judgment rendered. No errors of law are mentioned or claimed, except that the bill of particulars in the justice court did not state facts sufficient to constitute a cause of action. The rest of this motion is more in the nature of an equitable appeal to the court to reopen the case than a complaint as to any real error in the proceedings.

The amended motion for new trial, filed twenty days later, does attempt to set up several alleged errors; but, in our judgment, while the original motion for new trial might have been amended by a clearer or more appropriate statement of the grounds alleged in it, a motion for a new trial cannot, under the guise of "amendment," set up new and independent grounds therefor, after the statutory time allowed for filing such motion has passed. *Perry et al. v. Eaves et al.*, 4 Kan. App. 26, 45 Pac. 718; *Culp v. Steere et al.*, 47 Kan. 746, 28 Pac. 987. All matters occurring on a trial which are proper causes for a motion for a new trial will be considered waived, unless saved by a timely motion for a new trial. *Ahren Ott. Mfg. Co. v. Condon*, 23 Okla. 365, 100 Pac. 556; *Gill v. Haynes*, 28 Okla. 656, 115 Pac. 790; *Garner v. Scott*, 28 Okla. 646, 115 Pac. 789; *Deering v. Meyers*, 29 Okla. 232, 116 Pac. 793. In an absence of a showing that the aggrieved party has been unavoidably prevented from

filing a motion for·a new trial, the court is without power to extend the time. *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733.

The only questions properly here for determination are: (1) Does the bill of particulars state facts sufficient to constitute a cause of action? (2) Did the court err in not granting a new trial because of the misapprehension of counsel as to the date set for trial? We will dispose of the second question first.

The record shows that some of the plaintiffs in error lived at Cornish, where the trial was had, and that the agent in charge of the affairs of one of the other plaintiffs in error lived at the place of trial. It is admitted that this trial was had on the second day of the regular term of the county court, prescribed by statute. It is not shown but that the parties to the suit knew of the date set for the trial. It is not claimed that the attorney was sick, and thus incapacitated from being present. The only reason urged is that the attorney, in talking to the judge of the court over the phone, had gotten the impression that the trial was set for the day following the date of trial, and that the attorney was busy in the courts of another county. The trial judge considered and passed on this question, with full knowledge of the facts. And we cannot say, as a matter of law, that this was a showing sufficient to compel a new trial.

The next contention goes to the sufficiency of the bill of particulars filed in justice court. This pleading does not appear to have been challenged by demurrer, or by objection to testimony under it, or in any other way. It is in writing, and far more formal than is usually the case in justice courts. It sets up substantially that the defendants were in possession of the lands of defendant in error's minor children, for whom he sued as guardian; that they went into possession of some of the lands under the intervener, Mullen, who had a lease on them, but which had been forfeited before the year for which rent was claimed; that defendants were in possession of other parts of the land without any authority from any one; that the rents were one-third of the corn and one-fourth of the cotton, and amounted to $85; that demand had been made on the defend-

ants for the rents, and they had refused to pay them, or any part thereof. The lands are described with particularity, and it concludes with prayer for judgment. It seems there was an affidavit for attachment, and an attachment of some of the crops, but that a dissolving bond was given and the attachment discharged in justice court. We think the petition states facts sufficient, under the liberal rules allowed for pleading in a justice court, to show that plaintiff therein was entitled to relief, and is sufficient to support the verdict of the jury and the judgment of the court. Very liberal rules of construction should be applied to pleadings in a justice of the peace court. *Garvin v. Harrell,* 27 Okla. 373, 113 Pac. 186; *Western Union Tel. Co. v. Hollis,* 28 Okla. 613, 115 Pac. 774; *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246.

Finding no substantial error saved in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.