## KENNEDY v. GOODMAN.

No. 2946.    Opinion Filed October 14, 1913.

(135 Pac. 936.)

1.　SALES—Breach of Warranty—Sufficiency of Evidence.　Evidence held sufficient.

2.　APPEAL AND ERROR—Objection Below—Instructions.　Instructions to the jury will not be examined by this court unless properly excepted to in the trial court.

3.　TRIAL—Instructions—Application to Issues — Sales — Warranties. Where the sole issue is whether or not there has been a violation of an express warranty, and the question of an implied warranty is not raised, nor relied on, it is not error to refuse to instruct the jury under what circumstances a warranty will be implied.

4.　SAME—Application to Evidence.　It is not error to refuse to give instructions not applicable to the facts proven, although such instructions may correctly state abstract propositions of law.

5.　APPEAL AND ERROR—Harmless Error—Exclusion of Evidence. While it is error, yet it is not necessarily reversible error, to refuse to allow a witness to answer whether he had been previously convicted of selling intoxicating liquors in violation of law.

6.　JUSTICES OF THE PEACE—Bill of Particulars—Sufficiency. Liberal rules of construction will be applied by this court in testing the sufficiency of a bill of particulars filed in a justice of the peace court.

(Syllabus by Brewer, C.)

*Error from County Court, Jefferson County;
G. M. Bond, Judge.*

Action by S. P. Goodman against H. Kennedy.    Judgment for plaintiff, and defendant brings error.    Affirmed.

*Gilbert & Bond,* for plaintiff in error.

*Jones & Green,* for defendant in error.

Opinion by BREWER, C.　This suit comes from Jefferson county.    It was tried three times in a justice of the peace court, and finally tried in the county court, where a judgment was returned by a jury in favor of plaintiff, S. P. Goodman, who

appears here as defendant in error. The suit arose over the claim of plaintiff below that he had bought 49 gallons of sorghum from defendant, under an express warranty and guaranty that the same was free from impurities; that they were properly made, and would not sour or spoil; that he had paid $24.50 for the same in merchandise; that he bought them for resale in his store; that they were delivered to him in one-gallon buckets, a few of which he sold right after delivery; that they were returned to him as being unfit for use; that all but three of the buckets in a few days after their delivery spoiled and soured; that he notified defendant of this condition; that he held them for him; and that he demanded judgment for the amount paid for the sorghum, except as to $1.50, the value of the three gallons that did not spoil. The defendant admitted the sale of the sorghum, and that he had been paid for same, but denied that he warranted it to be sound, and that it would not sour and spoil.

The first assignment of error challenges the sufficiency of the evidence to sustain the verdict. It cannot be sustained. The great preponderance of the evidence shows that after the sorghum was delivered it soured, fermented, "spewed" out of the cans, was unfit for use, and wholly worthless. The plaintiff and a young lady both testified positively as to an express warranty. The defendant denied it. The verdict of the jury upon this conflicting evidence sustains the contention of the plaintiff: There was ample evidence to support this verdict.

Assignments 2, 3, and 4, challenge the correctness of as many instructions given by the court to the jury. No objection is shown to have been offered to these instructions, at the time the court gave them, and they will not be examined with the view of finding error.

Assignments 5, 6, 7, and 8, go to the refusal of the court to instruct the jury as requested by the defendant. The first of these instructions requested and refused by the court undertakes to state the law to be that there is no implied warranty as to quality and fitness of an article where the defects therein are known, or might reasonably be ascertained by the buyer. In

this case the plaintiff charged and proved, and the jury found by their general verdict, that there was an express warranty, and under the facts of this case, it was not error to refuse the instruction asked, and the next instruction requested and refused was not applicable to the state of facts proven.

The third instruction asked and refused was a declaration of law "that it was the duty of the plaintiff to notify the defendant of the defect in the sorghum as soon as he discovered it," etc. The evidence did not justify this instruction; defendant admits on the stand that he had notice of the defects within a very short time after plaintiff claims to have discovered them.

The ninth and tenth assignments of error are predicated upon the improper admission and improper rejection of certain testimony. The complaint, as to the admission of improper evidence, relates to the action of the court in permitting the plaintiff to introduce in evidence a can of the sorghum for the inspection of the jury. This is based upon the fact of the length of time between the delivery of the sorghum and the date of the trial; but, inasmuch as there was testimony that the soured and spoiled condition was discovered shortly after the delivery, and that was the contention sought to be shown at the time it was offered in evidence, we fail to see wherein it was not competent for the court to admit it.

The objection to the refusal to admit certain evidence was based on the action of the court in sustaining an objection when the plaintiff was asked if he had not pleaded guilty to selling liquor. His attorney objected saying "that the fact that he pleaded guilty to an offense had nothing to do with his credibility." It occurs to us that this was equivalent to an admission by counsel that he had pleaded guilty; and, while the attorney was in error as to this testimony not being competent, as affecting his client's credibility, yet the admission of counsel must have left about the same impression on the jury as if it had been formally answered in the affirmative by his client. Appellant in his brief has not argued this objection, nor has he cited any authority to sustain it; but it has been held by this court in *M., K. & T. Ry. Co. v. Johnson & Mantz,* 34 Okla. 582, 126

Pac. 567, that the evidence offered was competent, but that a refusal to admit it is not necessarily such error as would require a reversal of the case. In this case plaintiff did not stand alone upon his own testimony, for upon all the material issues there was competent evidence from witnesses who were in no wise discredited. We believe the facts of this case on this point bring it under the rule announced in *M., K. & T. Ry. Co. v. Johnson & Mantz, supra,* and that the error of the court in refusing this testimony should be held under the facts of this case insufficient to require a reversal.

In addition to the specific assignments of error made here, the appellant has devoted considerable space to an attack upon the sufficiency of the bill of particulars filed in the justice court as to constituting a cause of action. This point is made here for the first time in the case. The petition was not challenged below by demurrer, motion to make more certain or otherwise, and while it is not well drawn, and while it would be difficult to determine from its face whether it is a suit for rescission, or one for damages for breach of warranty, yet, under the liberal construction allowed in testing the sufficiency of the pleadings in the justice of the peace court, we feel justified in holding that it sufficiently stated a cause of action. The bill of particulars does very clearly show that the plaintiff has been wronged by defendant, and the sum of money such injury has inflicted on him.

In *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246, 38 L. R. A. (N. S.) 239, the rule referred to above is very clearly stated in an opinion by Judge Ames as follows:

"Very liberal rules of construction should be applied to pleadings in a justice of the peace court, and technical objections will not be allowed to reverse a judgment where it is apparent from an examination of the entire record that no substantial right of the party raising the objection could have been affected by the ruling, and where a reversal on that ground would tend to defeat the ends of justice."

And the following cases are to like effect: *Rice et al. v. Folsom,* 32 Okla. 496, 122 Pac. 236; *Garvin v. Harrell,* 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B,

744; *Western Union Tel. Co. v. Hollis*, 28 Okla. 613, 115 Pac. 774.

We have carefully examined the entire record in this case, and from it all we believe that substantial justice has been done, and that the parties have had a reasonably fair trial, and that therefore the judgment of the county court should be affirmed.

By the Court: It is so ordered.