## GREGORY v. HARPER *et al.*

No. 4986.  Opinion Filed September 28, 1915.

(152 Pac. 70.)

1. **JUSTICES OF THE PEACE—Pleading—Bill of Particulars.**
The bill of particuars examined, and **held** to fairly state a cause of action.

2. **ABSTRACTS OF TITLE—Action Against Abstractor—Sufficiency of Evidence.** Evidence examined, and found to fairly sustain the allegations in the bill of particulars.

3. **JUSTICES OF THE PEACE—Pleading—Construction.** Liberal rules of construction will be applied by this court in testing the sufficiency of a bill of particulars filed in a justice of the peace court.

4. **TRIAL—Direction of Verdict—Evidence.** When a defendant moves the court to instruct a verdict in its favor, the evidence must be considered in its aspects most favorable to plaintiff's contention; and if the evidence adduced, together with all the reasonable deductions and inferences to be legitimately drawn from it, fairly tends to prove plaintiff's cause of action, the motion for an instructed verdict should be denied.

(Syllabus by Watts, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by R. L. Gregory against J. S. Harper and others.  Judgment for defendants, and plaintiff brings error.  Reversed, and new trial granted.

*A. C. Glenn,* for plaintiff in error.

*C. S. Ingersoll* and *Sam P. Ridings,* for defendants in error.

Opinion by WATTS, C.  Plaintiff in error sued the defendants in error before a justice of the peace of Grant county.  Service, however, was not obtained on Decker.  The other defendants in error filed demurrer, but made no

appearance before the justice of the peace. Judgment was rendered for plaintiff in error and defendants in error Harper, Dow and Johnson appealed to the county court. The case was tried to the court and jury, and, upon motion of defendants in error, the court instructed a verdict in their favor, from which the plaintiff in error appealed, assigning as error:

(1) "In overruling motion for new trial."

(2) "In giving instructions to find for defendants in error and in rendering judgment accordingly."

Plaintiff in error charges in his bill of particulars that on or about February 14, 1911, he was the owner of certain town lots in Pond Creek; that on or about April 18, 1911, defendant in error Harper was engaged in the abstract business in Grant county, and as such abstractor, furnished him on the date last mentioned an abstract of title to his property, certifying that there were no taxes or liens against his property; that the certificate was untrue, in that the records show a tax lien of $29.05 for the year 1898, and $50.56 for the year 1910; that the plaintiff in error was a nonresident of the state, and had no opportunity to examine the records, and did not know that the taxes were a matter of record in the office of the county treasurer; that because of the tax liens a mortgage upon the property became due, and foreclosure proceedings were instituted and judgment rendered directing that the property be sold to satisfy the judgment and costs, by reason of which he was compelled to pay the sum of $185 to prevent the sale and sacrifice of his property; that Decker, Dow, and Johnson were sureties on Harper's bond, and because of the erroneous abstract all were liable—praying judgment for the sum of $199, and costs. The abstract was intro-

duced in evidence, which shows the chain of title, to which is attached the following certificate:

"I hereby certify that the foregoing abstract is a correct exhib.t of every instrument, record, or writing conveying or affecting the title of Alfred H. Hubbs to the land described in the caption upon the record of Grant county, Oklahoma. I further certify that I have made an examination of the following records, to wit: The office of the register of deeds, clerk of the district court, county probate court, and treasurer, and that there are no pending suits nor liens against said premises not shown in said abstract.

"This certificate is made for ————. Dated at Medford, Okla., this 29th of November, at 3 p. m., 1908. From entries 1 to 31, inclusive.

"J. S. HARPER, *Abstractor*.

"This certificate is hereby extended down to and including this 18th day of April, A. D., 1911, at 4 p. m. Entry No. 33. "J. S. HARPER, *Abstractor*."

The deputy county treasurer testified that the records show taxes assessed and of record for 1898 and 1910, and sale for 1910 taxes, and redemption by plaintiff. The court records were introduced showing foreclosure petition, judgment, order of sale, court costs, etc., also stipulation of settlement with the mortgagor. Witness Glenn, who seems to have represented plaintiff in error, testified that after the judgment of foreclosure he had a conversation with defendant in error Harper in which he told Harper he was to blame for the foreclosure proceeding and should settle for same, because plaintiff in error had relied upon him; that Harper stated that Asher (the mortgagee) told him that the matter had been straightened up and there was not any error in his certificate, and that he would not be liable, and refused to do anything.

Defendant in error Harper did not testify in the case, but relied upon the evidence of Asher, who stated, in substance, that he lived in Pond Creek, met plaintiff in error in February or March, 1911, at Pond Creek, shortly before which time plaintiff in error had purchased the property, and plaintiff in error arranged with him to look after same; that witness had the greater part of the abstract made when he was the owner of the lots; that at the time and place above mentioned he told plaintiff in error the first half of 1910 taxes had been paid, and balance would have to be paid by June 15, 1911; that he wrote to plaintiff in error when the taxes became due, asking him to pay same, and a second letter when the property was advertised for sale. Plaintiff in error's deposition was read, in which he states that he lived in Hidalgo county, Tex.; that in December, 1911, when the foreclosure proceedings were started by Asher, Asher was his agent for the property, but did not write him that the taxes for 1910, were delinquent; that he never heard from Asher relative to the taxes not having been paid for 1910 until December, 1911, and then in reply to an inquiry relative to 1911 taxes, when Asher wrote that 1910 taxes were delinquent, and that he had begun foreclosure proceedings.

The case was tried *de novo* upon the plaintiff in error's bill of particulars. It does not appear that the defendants in error ever answered, either orally or in writing.

Great liberality and latitude are given to justice courts and county courts on appeal. We are therefore of the opinion that the bill of particulars, with the reasonable inferences and deductions generally indulged in justice courts, states a cause of action.

"Liberal rules of construction will be applied by this court in testing the sufficiency of a bill of particulars filed

in a justice of the peace court." (*Kennedy v. Goodman,* 39 Okla. 470, 145 Pac. 936.)

We are not confronted with the proposition as to whether the evidence, viewed in the most favorable light to the plaintiff in error, with the same reasonable inferences and deductions, sustained the bill of particulars. But after a careful study of the evidence, keeping in view the generous rule governing procedure in justice courts, and likewise county courts, on appeal, we must answer in the affirmative, and, having so answered, it follows that the trial court erred in instructing a verdict, but should have submitted the question of fact to the jury.

"When a defendant moves the court to instruct a verdict in its favor, the evidence must be considered in its aspects most favorable to plaintiff's contention; and, if the evidence adduced, together with all the reasonable deductions and inferences to be legitimately drawn from it, fairly tends to prove plaintiff's cause of action, the motion for an instructed verdict should be denied." (*Frisco Lumber Co. v. Thomas,* 42 Okla. 670, 142 Pac. 310; *McCall Bros. v. Farley & Skinner,* 39 Okla. 389, 135 Pac. 339.)

Counsel for defendants in error contend that the trial court did not err in sustaining their motion and instructing a verdict, for the reasons that:

(a)  "The abstract in question was not made for the plaintiff in error, and for such reason there is no privity of contract between him and the defendant, and, without first showing this fact, he cannot recover for a breach of obligation."

We have examined the evidence, and do not find an affirmative statement that the abstract was made for plaintiff in error, but the bill of particulars states that the abstract was furnished him by defendant in error Harper. There is no contention—in fact, it is admitted—that he

purchased the property February 14, 1911, and received a deed therefor warranting title against all claims, charges, liens, etc., except the mortgage in favor of Asher, which deed was filed for record February 23, 1911; he was in unquestioned possession of the property; the certificate and the abstract are dated April 18, 1911; he introduced the abstract in evidence; no denial appears that the latter part of the abstract and the last certificate were made for him; witness Asher only claims that he had most of it made— from all of which the court will assume the reasonable and sensible thing, that the abstract was brought down to April 18, 1911, by the defendant in error Harper for the use and benefit of the plaintiff in error. Counsel's contention appears to us technical, and should not be sustained, but, if correct, our statute is too broad to defeat recovery on that ground.

Comp. Laws, 1909, c. 1, section 1, provides that the bond of abstractors shall be conditioned that "he will properly demean himself in the business of abstracting, and will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him," etc. Counsel say that we got the statute from Kansas and are bound by its construction, and cite *Symns v. Cutter,* 9 Kan. App. 210, 59 Pac. 671, *Mallory v. Ferguson,* 50 Kan. 685, 32 Pac. 410, 22 L. R. A. 99, and *Allen v. Hopkins,* 62 Kan. 175, 61 Pac. 750, and also *Savings Bank v. Ward,* 100 U. S. 195, 25 L. Ed. 621; but, upon examination of the Kansas statute we find the "conditions" only run to the party to whom the abstract is furnished, while our statute uses the language "any person." The State of Nebraska has substantially our statute. It provides:

"Condition for the payment by such abstractor of any and all damages that may accrue to any party or parties by reason of error, deficiency or mistake in any abstract," etc.

And the Supreme Court of that state holds:

"One who has purchased real estate on the faith of a certificate of title furnished to his vendor by a bonded abstractor may maintain an action for damages grounded on the failure of the abstractor to make the proper search and true certificate." (*Gate City Abstract Co. et al. v. Post,* 55 Neb. 742, 76 N. W. 471.)

Counsel further contend:

(b) "That the evidence does not show that the plaintiff in error relied on the abstract, but, on the contrary, shows that the same was not relied on by him, but that he had actual information as to the existence of the taxes on this property."

As stated in the last proposition, we do not find in the evidence a positive declaration that he did rely upon the abstract, but, without repeating the synopsis of the evidence, we cannot agree with counsel that the reasonable inferences and deductions do not show he did rely on same. This is not an equitable action, and it originated before a justice of the peace, and the same strict rule that is often necessary is not required.

Counsel's last contention is:

(c) "That the plaintiff in error suffered no damages by reason of the alleged defect in the abstract."

Neither can this contention be sustained. Plaintiff in error was certainly required to pay $185 court costs, from which he got no earthly benefit, and because the defendant in error Harper failed to do what under the law he was required to do, we cannot see our way clear to encourage

acts of carelessness as in the instant case, and for the reasons mentioned the judgment of the lower court should be reversed, and new trial granted.

By the Court:, It is so ordered.