## HICKS v. ALEXANDER.

No. 10502—Opinion Filed Feb. 21, 1922.

(Syllabus.)

1. Appeal and Error — Case-Made — Sufficiency of Record of Revivor.

Where service of case-made is accepted by attorneys of record and the case-made is settled by the trial judge and certificate signed by him, and one of the parties to the suit dying thereafter and not being the party appealing, and the party appealing makes application in the trial court for revivor in the name of a duly appointed administrator, and the attorneys for the administrator consent in writing for such revivor and the judge of such trial court grants an order

of revivor, all done within six months after the final order of the court and before the appeal is filed in this court, and a certified copy of the proceedings in revivor is certified by the clerk and such record of the revivor is attached to the case-made and is with the case-made filed in this court, and a motion is filed in this court to dismiss the appeal for the reason that said copy of the revivor proceeding is not a part of the case-made, there being no contention that said copy of the proceeding is not complete and does not show the entire record, and there being no objection to the certificate of the clerk thereto, said motion to dismiss will be overruled, and said appeal will be regarded as pending, with the administrator, in whose name the suit was revived in the court below, as defendant in error.

**2. Justices of the Peace—Pleading—Liberal Construction.**

Pleadings in a justice court, where the parties frequently appear without counsel, are more liberally construed in favor of the pleader than in courts of record.

**3. Same—Action on Open Account—Sufficiency of Verification — Defensive Evidence.**

Where a bill of particulars is deposited with a justice of the peace court, praying for judgment against a defendant on an open account, which makes reference to an itemized account, and which itemized account is not attached to the bill of particulars, and which bill of particulars is verified, but the bill of particulars or the verification does not allege the correctness of said account, and a summons is issued and served upon defendant, and on the day of trial the plaintiff deposits with the justice a verified itemized account, which verification states that the account is true and correct, and no objections are made to the pleading either by demurrer or motion to make definite and certain, held, that the same is a sufficient pleading in a justice of the peace court to require the defendant to deny the account of the plaintiff under oath, and in the absence of such verified denial and under sections 4759 and 5427, Rev. Laws 1910, the defendant should not be permitted to introduce evidence to refute the items of said verified account.

**4. Appeal and Error—Discretion of Court—New Trial.**

The granting or refusal of a new trial is always a matter largely within the legal discretion of a trial court, and the action of the trial court in granting or refusing a new trial will not be disturbed by this court on appeal, unless it clearly appears that there was an abuse of discretion.

Error from County Court, Carter County; Thomas W. Champion, Judge.

Action by M. L. Alexander against J. H. Hicks on open account in justice court. Judgment for defendant in county court on appeal, and from order of court granting new trial, the defendant brings error. Affirmed.

A. Eddleman, for plaintiff in error.

W. I. Cruce and Moore & West, for defendant in error.

ELTING, J. This suit was originally begun in a justice of the peace court of Carter county, by M. L. Alexander against J. H. Hicks for the recovery of the sum of $85.30. A bill of particulars was filed in the justice of the peace court by Alexander in which it was stated that the amount claimed was for an open account as per an itemized statement "hereto attached and marked exhibit 'A' and made a part hereof", but no exhibit appears to be attached to the bill of particulars, and no exhibit appears in the papers.

An itemized account in the sum of $90.30 sworn to by M. L. Alexander before B. F. Coe, justice of the peace, on the 20th day of February, 1917, the day of the trial, in the justice of the peace court, was found with the papers, and we presume was deposited with the justice of the peace by the plaintiff. The bill of particulars has no file mark, but summons was issued on the 20th day of November, 1916, and service of the same was made upon the same day upon defendant. The itemized account is not marked exhibit "A", and bears no evidence of having been attached to any other paper; bears no file mark, and was evidently verified at the time of the trial.

On the day of the trial in the justice of the peace court, J. H. Hicks, defendant, filed an answer and cross-petition before the justice of the peace. A trial was had before a jury, and the defendant, Hicks, recovered a verdict for $27.95 upon his cross-petition. A judgment was rendered in favor of Hicks against Alexander for $27.95, and Hicks appealed from said judgment to the county court of Carter county, Okla.

Said cause was tried before a jury in the county court on the 11th day of March, 1918, and a verdict rendered in favor of defendant, Hicks, on his cross-petition against plaintiff in the sum of $60, and upon this verdict judgment was duly rendered against Alexander.

The answer and cross-petition of Hicks was not verified.

The trial in the county court was on the same pleadings as they stood in the justice

of the peace court. In the trial in the county court, the plaintiff, Alexander, objected to any evidence by defendant denying liability to plaintiff since the plaintiff's suit was on a duly verified account and the defendant, not having denied said account under oath, was not in a position to produce counter proofs as to items of plaintiff's account. This objection was overruled by the trial court. On the 12th day of March, 1918, the plaintiff filed his motion for a new trial in the county court, and on the same day the court granted the said motion for a new trial, stating the reasons for such actions as being because he had permitted Hicks to introduce evidence putting in issue the items of plaintiff's account without having denied same under oath. From the action of the trial court in granting said motion for a new trial, J. H. Hicks has appealed to this court.

The attorneys for defendant in error have filed in this court a motion to dismiss the appeal in this cause, and base their grounds therefor upon the following state of facts:

The record before us shows that a motion for a new trial was granted on the 18th day of November, 1918. On December 9th, the attorneys for M. L. Alexander accepted service of case-made. The county judge that tried the cause, Thomas W. Champion, settled case-made on December 20, 1918. Petition in error and case-made filed in this court March 10, 1919. M. L. Alexander died on December 27, 1918, 18 days after his attorneys had accepted service of case-made and seven days after the trial judge had settled and signed certificate settling case-made. On February 24, 1919, Roy Alexander, it appears, was appointed administrator of his father's estate, and on February 26, 1919, J. H. Hicks filed his petition in the county court for a revivor of said cause in the name of Roy Alexander, administrator of M. L. Alexander, deceased, and a written consent to said revivor by Roy Alexander, administrator, by the same attorneys who tried the cause for deceased plaintiff, was on the same day filed in the county court, and on the same day M. F. Winfrey, who, it appears, was the successor of Thomas W. Champion, trial judge, made an order of revivor reviving said cause in the name of Roy Alexander, administrator. There is attached to the case-made a record of the revivor proceedings, including the petition for revivor, the written consent to revive, and the order of revivor, certified to by the court clerk of Carter county. This certified record of the revivor proceedings follows after the certificate of the trial judge settling the case-made, and the date of the certificate of the court clerk is March 6, 1919, four days prior to the filing of the petition in error and case-made in this court. At the time of said revivor proceedings, on the 26th day of February, 1919, the county court of Carter county had not lost its jurisdiction of said cause, since the petition in error and case-made were not filed in this court until the 10th day of March, 1919.

This proceeding taking place after the settlement of the case-made, and being a matter that could come to this court, we deem, in the form of a transcript, and there being no contention that the transcript does not show the proceedings in full; there being no motion to strike said transcript from the case-made; there being no objection to the form of the certificate of the court clerk—this court will consider the title of the appeal in this court to be amended in the name of Roy Alexander, administrator, defendant in error, and the motion to dismiss this cause is hereby overruled.

It now becomes necessary to pass upon the merits of this appeal. The question before this court is, Did the trial court commit error in granting M. L. Alexander a new trial in this cause?

The concrete question in this case arises in this wise: It appears that M. L. Alexander, plaintiff, deposited with the justice of the peace what he called a "complaint of bill of particulars," setting up a claim for $85.30 for "open account as per itemized statement hereto attached and marked exhibit 'A' and made a part hereof." "That said indebtedness is past due and remains wholly unpaid after due demand." Then it prays for judgment for $85.30.

To the bill of particulars was the following verification:

"I, M. L. Alexander, having been first duly sworn, on my oath say that the allegations contained in the above and foregoing complaint are true.

"Subscribed and sworn to before me on the 17th day of November, 1916. Hal M. Cannon, Justice of the Peace."

On this bill of particulars a summons was issued and served on J. H. Hicks, defendant. The exhibit referred to in the bill of particulars was not attached to the same. On the day of the trial, M. L. Alexander deposited with the justice of the peace an itemized account designated "account of M.

L, Alexander against James H. Hicks." Then follow various items of charges, amounting to the total sum of $90.30. Attached to said account is the following verification:

"Comes now M. L. Alexander and after being duly sworn upon his oath states that the above account is true and correct in every respect and that the same was made during the year 1916. Signed, M. L. Alexander.

"Subscribed and sworn to before me this 20th day of February, 1917. B. F. Coe, Justice of the Peace."

To which pleading of the plaintiff, J. H. Hicks filed the following answer and cross-petition, omitting the caption:

"Comes now said defendant, J. H. Hicks, and answering said plaintiff, denies each and every allegation in plaintiff's bill of particulars set out. Defendant further states that said plaintiff is indebted to defendant in the sum of $79 for extra work and service rendered said plaintiff between the first day of February, 1916, and the 30th day of October, 1916. Wherefore defendant prays that he may have judgment against said plaintiff in the sum of $79 and for costs herein. Signed, James W. Hicks, Defendant."

Said answer was filed the day of the trial. This answer is not verified.

In the trial of the cause it appears that under this answer and cross-bill the defendant, J. H. Hicks, was permitted to deny and put in issue the items of the count of plaintiff by counter proof. To this proffer of evidence, the plaintiff objected on the ground that defendant had not denied the account of plaintiff under oath. This objection the trial court overruled, and permitted the proofs putting in issue the items of the account, and the jury returned a verdict for $60 in favor of the defendant against the plaintiff. The plaintiff filed a motion for a new trial, and in his fifth assignment of error presented this ruling of the court for reconsideration to the court, and the trial court, having concluded that he ruled erroneously, granted the motion for a new trial, and this action of the trial court in thus granting the new trial is now assigned in this court for review.

Section 4759, Rev. Laws 1910, reads as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment and authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Section 5427 is to the same effect.

It appears that it is necessary that the plaintiff verify his itemized account, and in said verification state that the same is true and correct, before it becomes necessary for defendant to deny under oath and put the items of plaintiff's account in issue. This the plaintiff, M. L. Alexander, did not do in his verification of his bill of particulars, but did so in his verification to his itemized statement filed on the day of the trial.

There does not appear to have been any objection raised, either by demurrer or motion to make more definite and certain, to any of the pleadings, and they went to trial on the pleadings as set forth in the statement of this case.

In Holden v. Lynn, 30 Okla. 663, 120 Pac. 246, 38 L. R. A. (N. S.) 239, the rule as to how this court will regard pleadings in the justice of the peace court is stated by Judge Ames as follows:

"Very liberal rules of construction should be applied to pleadings in a justice of the peace court, and technical objections will not be allowed to reverse a judgment where it is apparent from an examination of the entire record that no substantial right of the party raising the objection could have been affected by the ruling, and where a reversal on that ground would tend to defeat the ends of justice."

To the same effect are Rice et al. v. Folsom, 32 Okla. 496, 122 Pac. 236; Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744; Western Union Tel. Co. v. Hollis, 28 Okla. 613, 115 Pac. 774; Gregory v. Harper, 51 Okla. 419, 152 Pac. 70; Ranson v. Capron Hdw. Co., 56 Okla. 278, 155 Pac. 1166. This last cited case states the following:

"Pleadings in a justice court, where the parties frequently appear without counsel, are more liberally construed in favor of the pleader than in courts of record."

The plaintiff in error cites and relies upon three decisions by this court as sustaining his contention: Meyers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 Pac. 874; Miners' Supply Co. v. Chestnutt-Gibbons Gro. Co., 50 Okla. 151, 150 Pac. 686; Berry v. Okla. State Bank, 50 Okla. 484, 151 Pac. 210. These cases were filed originally in courts of record, where more technical rules of pleading are applied than

in justice courts. It appears, furthermore, from examination of those cases that there was no verification, in compliance with the statute, of either the petitions or the accounts.

We cannot see any reason why the bill of particulars originally filed and the verified itemized account cannot be regarded, when taken together, as constituting a sufficient pleading in the justice of the peace court. If this suit were being originally filed in a court of record, more technical rules would be applied to the plaintiff's pleadings. A verified itemized account itself would be ample and sufficient pleading to deposit in the justice of the peace court and as a basis for a summons. The bill of particulars being the one originally filed in this action, we would be justified in regarding the filing of the verified itemized account on the day of the trial, and unobjected to, either as an amendment to the bill of particulars or as a supplementary pleading thereto.

"The granting or refusal of a new trial is always a matter largely within the legal discretion of a trial court."

The above is taken from Crouch v. Crouch, 59 Okla. 181, 158 Pac. 573. To the same effect is St. Paul Fire & Marine Ins. Co. v. Peck, 59 Okla. 195, 158 Pac. 595.

The following is taken from Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023:

"The phrase 'discretion of the court,' as applied to granting and denying new trials, means a legal discretion, to be exercised in discerning the course prescribed by law according to principles ascertained by adjudged cases."

The following is from M., K. & T. Ry. Co. v. James, 61 Okla. 1, 159 Pac. 1109:

"Trial courts are vested with a very large and extended discretion in the granting of new trials. and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for a new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult, in many instances, for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

The following is the first paragraph of the syllabus in the case of A., T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 Pac. 756:

"An application to vacate a judgment under Wilson's Rev. & Ann. St. Okla., 1903, sections 4760-4763, inclusive, is addressed to the sound legal discretion of the court, and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion."

To the same effect are the cases of Philip Carey Co. v. Vickers, 38 Okla. 643, 143 Pac. 851; Chicago, R. I. & P. Ry. Co. v. Maynard, 31 Okla. 685, 122 Pac. 149. It is true these cases were upon motions to vacate judgments, but we cannot understand why the same rule should not apply to rulings upon motions for new trials.

It appears from the above holdings that this court will not disturb the action of trial courts in granting or refusing motions for new trials, unless it clearly appears that the holdings of the trial courts on motions for new trials amount to an abuse of discretion.

There is another reason why this court is not disposed to disturb the holding of the trial court. While the trial court, in his holding, has stated with considerable particularity his reasons for granting a new trial, still the holding of the trial court involved a question of the admissibility of evidence, and this evidence has not been brought up in the record. The defendant would have the right to make proofs in support of his set-off, with or without a verification of his answer. It was only such evidence as tended to refute the items of the plaintiff's verified account and it was the admission of the same by the trial court that was alleged to be error in the motion for a new trial, and on the hearing of the motion for a new trial the trial judge held such admission to be error and granted a new trial. We do not see how an appellate court can pass upon the ruling of a trial court in admitting or excluding evidence when the evidence introduced or proferred is not set forth in the record. But even admitting that the ruling of the court upon the motion for a new trial was an unmixed question of law, yet the effect of our holding herein is that the pleadings of the plaintiff below, defendant in error herein, constituted a sufficient compliance with the verification provisions of our statute, and required a denial under oath before the items of the account could be put in issue. This holding has the effect of upholding the ruling of the trial court upon a pure question of law. Besides, the affirmance of the judgment of the trial court should result in a trial upon the merits under issues properly joined.

The judgment of the trial court in granting a new trial is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.