## EMERY v. McCARY.

No. 19496.  Opinion Filed June 24, 1930.

Commissioners' Opinion, Division No. 2.

W. J. Hulsey, Lena Hulsey, and W. B. Toney, for plaintiff in error.

Pryor & Stokes and H. M. Sandlin, for defendant in error.

EAGLETON, C. D. Y. McCary filed suit against Fred Emery in the justice court of Hon. G. H. Holloway, justice of the peace. Demurrer to the bill of particulars was sustained, and the cause appealed to the county court of Hughes county. Defendant's demurrer was there resubmitted and overruled. The cause was tried to a jury which returned a verdict for the plaintiff for $200, and a judgment was entered thereon. Defendant appeals to this court. The parties will be referred to as they appeared in the trial court.

From the briefs it is difficult to ascertain the grounds on which the plaintiff in error is endeavoring to cause a reversal of the case, yet we assume from his dissertations therein that he relies on three propositions: (1) Error in failure to sustain demurrer to the bill of particulars; (2) error in failure to sustain demurrer to plaintiff's evidence; (3) the verdict and judgment are not sustained by the evidence.

Should the demurrer to the bill of particulars have been sustained? The action is founded on fraud. The bill alleges, in substance, that the plaintiff had no knowledge of pianos, but being desirous of purchasing one, dealt with the defendant, who held himself out to be a representative of the Star Piano Company, and that he relied solely on the representations of the defendant; that the defendant made offer to sell him a "first grade, high class Star piano," which he accepted; that the defendant, in fact, knowingly and willfully, and with intent to defraud and cheat the plaintiff, sold him an old second-hand inferior grade Star piano, and he alleged the difference in the value between the highest and best grade of Star piano and the piano delivered.

The bill is not a model pleading, but it will suffice. We think the bill of particulars states facts sufficient, under the liberal rules allowed for pleading in a justice court, to show that plaintiff therein, if the allegations are true, is entitled to relief, and is sufficient to support the verdict of the jury and judgment of the court. Very liberal rules of construction should be applied to pleadings in a justice of the peace court. If the grounds for recovery are ascertainable

from the bill of particulars, it will suffice to withstand a demurrer. Rice v. Folsom, 32 Okla. 496, 122 Pac. 236; Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186; Western Union Co. v. Hollis, 28 Okla. 613, 115 Pac. 774; Holden v. Lynn, 30 Okla. 663, 120 Pac. 246.

Next, should the demurrer to the plaintiff's evidence have been sustained? Evidence was introduced to prove that the defendant as acting agent for a music company made the sale complained of; that the piano was delivered and paid for; that it was one of the cheapest grade pianos put out by the Star Piano Company, and was not one of the "first grade" pianos made by that company; that the first grade pianos made by the Star Company at the time of this sale sold for about the price paid in this transaction; that the grade of piano sold and delivered in this instance had a value of some $250 or $300 less; that the defendant asserted he was selling the plaintiff the best piano made by the Star Company. The evidence with the inferences to be drawn therefrom made a prima facie case for the plaintiff. This evidence is sufficient to go to the jury.

And last, is there evidence sufficient to sustain the verdict and judgment? In a law action, where there is any competent evidence reasonably tending to support the verdict of the jury, this court will not reverse the cause and grant a new trial because of the insufficiency of evidence. In a law action tried to a jury, the court will not weigh the testimony for the jury is the judge of the facts. Herein there is competent evidence reasonably tending to support the verdict, so the court did not err in submitting the case to the jury. The cause is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.