BOSLEY v. PRUDENTIAL INS. CO. OF AMERICA.

No. 30681. March 23, 1943.

135 P. 2d 479.

John W. Porter, of Muskogee, for plaintiff in error.

N. A. Gibson, of Muskogee, for defendant in error.

DAVISON, J. This is an action by Charles M. Bosley to recover benefits provided for death by accidental means under a policy of life insurance issued by the Prudential Insurance Company. In the policy, Rhoda E. Bosley, now deceased, was the insured and her husband, Charles M. Bosley, plaintiff in this action, was the beneficiary. The policy was for $500 and provided for the payment of an additional $500 in the event of death by accidental means.

The action was instituted January 15, 1941, in the city court of Muskogee, Okla., where, after issues had been joined upon the merits, the case was tried to the court resulting in a judgment for the plaintiff. An appeal was taken to the district court of Muskogee county, where the defendant presented a pleading styled a "motion to dismiss" wherein the sufficiency of the plaintiff's petition was challenged on the theory that it did not state a cause of action.

The motion was sustained by the trial court and plaintiff's action was dismissed. The plaintiff has appealed, appearing herein as plaintiff in error.

In presenting the cause on appeal the parties have treated the "motion to dismiss" as a general demurrer, challenging the sufficiency of the petition or bill

of particulars to state facts sufficient to constitute a cause of action. In this jurisdiction it is proper to determine the character of the pleading by its substance rather than the title given to it. Leonard v. Tulsa Building & Loan Association, 184 Okla. 558, 88 P. 2d 875; Robinson v. Anderson, 88 Okla. 136, 212 P. 121; State v. City of Muskogee, 70 Okla. 19, 172 P. 796.

The principal question to be determined in this appeal is whether the petition filed by the plaintiff states a cause of action. The truth of the allegations of fact contained in the pleading is, of course, assumed for the purpose of determining the question.

It is appropriate to mention at this point that since this cause originated in the city court of Muskogee, which exists by virtue of 11 O. S. 1941 § 831 et seq., the procedure in that court is determined by section 833 of the same title, which provides in substance that, except as otherwise provided, the procedure governing justices of the peace shall obtain.

The initial pleading before a justice of the peace is generally titled a bill of particulars (39 O. S. 1941 § 131). However, plaintiff has titled his pleading a petition. The distinction is not important and we shall continue to refer to plaintiff's pleading as petition. In justice procedure, however, a more liberal rule obtains in determining the sufficiency of a pleading than that applied in other trial courts. Gregory v. Harper, 51 Okla. 419, 152 P. 70; Kennedy v. Goodman, 39 Okla. 470, 135 P. 936. This rule of greater liberality adheres to the pleading when it progresses on appeal to a trial de novo (the character of hearing on appeal before the district court in this case, 11 O. S. 1941 § 846) in the district or other court exercising appellate jurisdiction. Whitcomb v. Oller, 41 Okla. 331, 137 P. 709; Brewer v. Black, 5 Okla. 57, 47 P. 1089.

Thus, in considering this case we are conscious that the form in which plaintiff has drawn his petition is of less importance than it would be if the cause had originated in the district court, and the absence of definite allegations otherwise required may be excused if inferable generally from the pleading presented.

We have said that "if the grounds for recovery are ascertainable from the bill of particulars, it will suffice to withstand a demurrer." Emery v. McCary, 144 Okla. 56, 289 P. 703.

The plaintiff's petition in this cause is quite lengthy and includes as an exhibit thereto attached a copy of the insurance contract. It is not, however, a model of pleading and in some respects is not as definite as might be required had the case originated in a court where more formality is required. In substance, the petition reflects:

The defendant company issued its policy on the life of Rhoda E. Bosley in October of 1939, insuring her life for the sum of $500 and providing for the payment of an additional $500 in the event of death by external, violent, and accidental means. Following the clause assuming liability it contained a proviso containing several specifications limiting liability, only one of which is emphasized by the defendant. That clause expressly excludes liability resulting from "bodily or mental infirmity or disease in any form."

Rhoda E. Bosley died on January 17, 1940. The defendant paid the $500 ordinary death benefit but denied liability on plaintiff's claim for $500 under the double indemnity feature of the policy.

Plaintiff alleges, in substance, that on January 6, 1940, the insured was operated on in a hospital at Muskogee, for the purpose of relieving a "strangulated incisional hernia." That in connection with the operation and to provide and promote proper healing and recovery, a "vital flexible tube" was inserted in the opening in her side. About midnight on January 13, 1940, through alleged external, violent, and accidental means described as connected with restless and fretful movements of the insured while unconscious, the tube was displaced and

removed, resulting in infection, peritonitis, gangrene, and ultimate death.

It is not entirely clear from the pleading whether contact of the exposed portion of the tube with external objects such as clothing, bed clothing, etc., was a factor in precipitating the occurrence.

In view of the origin of the case, the rules of pleading applicable, and the failure of the parties to specifically urge this ambiguity, we deem it unnecessary to analyze this uncertainty and pronounce the law upon the various contingencies involved.

The means of death was the forceful removal of a tube during convalescence from an operation by alleged external and violent means precipitated by involuntary movements on the part of the deceased directly and proximately resulting in infection and death.

To impart an accidental character to the means of death, the occurrence relied upon must be "unexpected, unforeseen, and involuntary." Prudential Insurance Co. of America v. Tidwell, 163 Okla. 39, 21 P. 2d 28. The circumstances of the case as pleaded necessarily imply the unexpected and unforeseen character of the asserted means of death. Its involuntary character is necessarily connoted by the allegation that the insured was unconscious. The fact that the deceased may have voluntarily sought an operation and thus put herself in a position to be exposed to the unexpected happening does not mitigate against recovery. Provident Life & Accident Ins. Co. v. Green, 172 Okla. 591, 46 P. 2d 372.

Violent and external quality of the means are not beyond the situation inferable from the pleading, nor is an alleged absence of these qualities of the means of death specifically relied upon by the company.

The company asserts that the plaintiff "pleaded that the death of the insured was from a bodily disease," thus pleading himself out of court. We do not so interpret the pleading. Plaintiff asserts that the accident produced the infection and death thus resulted, thus asserting the accident as the proximate cause of the death. The fact that an accidental injury leads to death through infection does not preclude recovery. See Cyclopedia of Insurance Law by Couch, para. 1142, page 4005, where it is said:

". . . It seems clear that if the accident is the direct cause of the injury or death, it should be regarded as such within the meaning of the policy, even though disease existed or followed the accident, . . ."

Notice, also, annotations 108 A. L. R. 6; 18 A. L. R. 113; and Cyclopedia of Insurance Law, supra, p. 4572; also, para. 1249, p. 4565, and para. 1142, p. 4006. It is said to be the general view that where the disease or infirmity was caused by the accident (as plaintiff asserts the gangrene and peritonitis were in this case) and death follows, the death is attributable to the accident, not the disease. 29 Am. Jur. 750. It is quite apparent that where disease is present the question of whether death was attributable to a proven accident or to disease or infirmity independent of the accident may resolve itself into one of fact for the jury. Such an issue may develop in this case.

Upon consideration of the foregoing authorities, and viewing the pleading of the plaintiff with the degree of liberality required by its origin, we are of the opinion, and hold, that it is sufficient to withstand a challenge.

The cause is remanded to the trial court, where the order of dismissal will be vacated and further proceedings had not inconsistent with the views herein expressed.

CORN, C. J., and RILEY, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V. C. J., and OSBORN, J., absent.