The SECURITY NATIONAL FIRE INSURANCE COMPANY, a Corporation, Plaintiff in Error,

v.

C. C. KIMBERLIN, Defendant in Error.

No. 37146.

Supreme Court of Oklahoma.

July 2, 1956.

·Rainey, Flynn, Green & Anderson and M. M; Gibbens, Oklahoma City, for plaintiff in error.

Melville F. Boddie, Oklahoma City, for defendant in error.

PER CURIAM.

The parties will be referred to herein as they appeared in the trial court, the defendant in error as plaintiff and the plaintiff in error as defendant.

The action originated in a justice of the peace court in Oklahoma City on the filing of plaintiff's bill of particulars seeking recovery of the sum of $156 alleged to be due to him as the amount of unearned premium on a fire insurance policy issued by the defendant company.

Defendant by answer denied liability and judgment was entered for plaintiff. The defendant appealed to the Court of Common Pleas, Oklahoma County, and there by amended answer plead as its basic defense that plaintiff had assigned all right to unearned premium on the policy in a promissory note for the balance due on the premium made payable to an Oklahoma City bank.

·Plaintiff did not file a reply and the cause proceeded to trial before the court and a jury. On the return of a verdict for plaintiff in the amount of $156 the court rendered judgment in accordance therewith from which the defendant has appealed to this court.

Defendant urges assignments of error under two propositions, the first being that by assignment of unearned premium plaintiff was divested of any right to maintain

his action. Under the second proposition it is urged that the court admitted evidence foreign to the issues made by the pleadings.

The situation out of which the issues arise may be briefly stated as follows: Plaintiff purchased the policy from the defendant company through its agent Jack Shoot. The policy dated December 14, 1951, covered a house in Oklahoma City then owned by plaintiff and was issued for a period of five years. Plaintiff paid the initial payment of $59.19 on the total premium of $234.69 to Shoot on the date the policy was issued. Plaintiff sold the house on September 8, 1953. The sole controversy in so far as the facts are concerned relates to the payment of the balance due on the policy premium totaling $175.50. Plaintiff testified that within a few days after December 14, 1951 and before January 1, 1952 he paid the balance due on the premium in cash to Shoot by delivery thereof to an employee in his office. The payment and delivery to the proper person, as far as Shoot's office was concerned, was corroborated. Plaintiff further testified that although the signature on the note relied upon by defendant was his, he had no knowledge of its identity as such at the time he must have signed it with other instruments presented to him by Shoot in closing the transaction for the purchase of the house handled by Shoot, acting as real estate agent, simultaneously with the issuance of the insurance policy; that he first learned of the existence of the note after he had filed this action on failure of both Shoot and defendant to respond to his demand for payment of the unearned portion of the premium.

The note designated as a premium payment agreement for the $175.50 premium balance with interest provided for payment in installments over a four year period. It was delivered to the bank and Shoot received a check from the bank in the sum of $175.50 on January 11, 1952. The note contained the provision for assignment of unearned premium to the bank upon which defendant relies to justify its position that plaintiff had no rights thereto.

We conclude that the right of the plaintiff to recover the unearned premium depended upon the determination of whether he paid the $175.50 balance due on the premium before defendant through its agent, Shoot, received the payment of an equal amount from the bank. If such payment was made by plaintiff then defendant received double the amount actually due. The trial court instructed the jury that if it was found by them that the plaintiff between the dates of December 14, 1951 and January 11, 1952, paid to Jack Shoot the balance due on the premium the verdict should be for plaintiff for $156. Under this instruction the verdict rendered must be construed to include the finding that plaintiff had made such payment and within the time specified. Such finding was amply supported by the evidence. Payment to the agent, Shoot, was payment to his principal, the defendant insurance company. Illinois Valley Trust Co. v. Sherley, 159 Okl. 90, 14 P.2d 385. The defendant having, under the finding of the jury, received payment for the full amount of the premiums due prior to receipt of the bank payment was under the legal duty to return the bank's check and secure a cancellation of the note.

Under defendant's second proposition it it is argued that the trial court erred in permitting plaintiff to testify as to his lack of knowledge of the existence of the note and the fact that it was held by the bank. It is defendant's position in this regard that such testimony was prejudicial and not put in issue by the pleadings.

There is no merit to such contention unless it can be said that plaintiff by failure to file a reply admitted the allegations contained in the answer and proof as to payment to Shoot was at fatal variance with his pleadings contained in the Bill of Particulars. Such is not the situation in this case. The action having originated in a justice of the peace court questions of variance and failure to file a reply do not

have the significance such might have had if the cause had arisen in a court requiring more stringent rules of pleading. In McClendon v. Kennedy, 182 Okl. 153, 77 P.2d 15, we held that a reply is not a necessary pleading in a justice of the peace court. The rules of pleading of such courts are judged by the same standards through higher courts on appeal. Bosley v. Prudential Ins. Co. of America, 192 Okl. 304, 135 P.2d 479. It cannot be said that the facts of this case justify a finding that plaintiff's recovery was at fatal variance with his theory as plead in the Bill of Particulars. White v. Oliver, 32 Okl. 479, 122 P. 156, 157; Ward v. Coleman, 170 Okl. 201, 39 P.2d 113; Lincoln Health & Accident Ins. Co. v. Jones, 175 Okl. 211, 52 P.2d 793.

There being competent evidence tending to support the verdict of the jury, and no prejudicial errors of law shown in the instructions of the court or its rulings on law questions presented during the trial, and it appearing from the entire record that the judgment is right on the merits no reason exists for reversal of the judgment. Atlas Life Ins. Co. of Tulsa v. Miles, 195 Okl. 645, 161 P.2d 1022; Jefferson Standard Life Ins. Co. v. Poulter, 154 Okl. 86, 6 P.2d 665.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Commissioners Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.